SAVOY, Judge.
Plaintiff initially instituted suit against Lawrence B. Sandoz, Jr., Lloyd Andrus, John W. Wilson, and Pat F. Willis, claiming damages for false arrest, false imprisonment and malicious prosecution. The suit is based on an affidavit signed by defendants, lessors of Food Town, Inc., charging plaintiff with the crime of criminal trespass at the Food Town Store located in Opelousas, Louisiana. Plaintiff was arrested on the store premises on August 21, 1965.
By supplemental petition Food Town, Inc., and Malcolm Shelby, store manager, were also made defendants. These last named defendants are not before the Court in the instant case.
The first four named-defendants filed a motion for summary judgment, and in support of their motion filed the depositions of plaintiff, their collective affidavit, affidavit of the District Attorney and that of the arresting policeman of the City of Ope-lousas, Louisiana.
There were also filed in the record copies of the affidavits signed by Sandoz, et al, together with a bill of information filed against plaintiff in the City Court.
The record reveals that plaintiff was arrested on August 21, 1965, whereas the affidavit signed by the original defendants was not signed until August 23, 1965.
The record shows that the affidavits of the arresting officers were made upon the complaint of the manager of Food Town *789 who pointed out plaintiff to the officers as one of the persons involved in the picketing of the store.
The evidence also reveals that plaintiff was not prosecuted under the affidavit filed by defendants Sandoz, et al, but on a bill of information charging plaintiff with criminal mischief and disturbing the peace.
Plaintiff filed this suit in forma pauperis. Her principal complaint on appeal is that the trial judge refused to allow her to take the depositions of defendants in forma pauperis so that she might contradict the affidavits submitted by them on the motion for summary judgment.
LSA-C.C.P. Article 5185 provides in part:
“When an order of court permits a party to litigate without the payment of costs, until this order is rescinded, he is entitled to:
“(1) All services required by law of a sheriff, clerk of court, court reporter, notary, or other public officer in, or in connection with, the judicial proceeding, including but not limited to the filing of pleadings and exhibits, the issuance of certificates, the certification of copies of notarial acts and public records, the issuance and service of subpoenas and process, the taking and transcribing of testimony, and the preparation of a record of appeal;”
Under the Official Revision Comments the statement is made that there is no duty imposed upon the official court reporter to take depositions without being paid for his or her services. The court properly denied the request of plaintiff to take the depositions in forma pauperis.
Counsel for appellant also argues in his brief that under LSA-C.C.P. Articles 966 and 967, the allegations of the petition are sufficient to contradict the affidavits filed by defendants.
The second paragraph of LSA-C.C.P. Article 967 reads as follows:
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.”
We are of the opinion that under the above quoted portion of LSA-C.C.P. Article 967, the allegations of the petition are not sufficient to contradict the affidavits of defendants.
We conclude, as did the trial judge, that there is no material issue of fact in the instant case.
The evidence in the record is not contradicted and is to the effect that plaintiff was arrested on an affidavit charging her with criminal mischief and disturbing the peace, dated August 21, 1965. Plaintiff was tried on that charge rather than on the affidavit signed by defendants Sandoz, et al on August 23, 1965, charging her with criminal trespass. Therefore, we find no connection between the affidavit filed by Sandoz et al and the arrest and trial of plaintiff.
We are not unmindful that our Supreme Court is reluctant to grant a summary judgment, as is evidenced by their landmark decision in Kay v. Carter, 243 La. 1095, 150 So.2d 27.
However, we believe that in view of the evidence, this is a case where the summary judgment device should be invoked.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.