374 So.2d 144 (1979)
Autry Lee JONES
v.
C. Paul PHELPS.
No. 12667.
Court of Appeal of Louisiana, First Circuit.
July 16, 1979.
*145 Autry Lee Jones (plaintiff) in pro. per.
William J. Guste, Jr., Atty. Gen., Judy F. Pierce, Staff Atty., Baton Rouge, counsel for defendant-appellee C. Paul Phelps.
Before LANDRY, COVINGTON and PONDER, JJ.
PONDER, Judge.
Plaintiff appealed from the summary judgment dismissing his suit for incentive pay.
The issues are the propriety of that judgment and the failure to have plaintiff in court for the hearing.
We affirm.
Plaintiff, an inmate at Dixon Correctional Institute, received incentive pay until he took a job in the blood plasma laboratory, where he received pay in excess of incentive pay alone.
Defendant submitted an affidavit asserting he is responsible for setting rates of pay including incentive pay, that the pay schedule in the blood plasma laboratory includes incentive pay and that plaintiff is not entitled to incentive pay in addition to what he is receiving.
Defendant has the authority under LSA-R.S. 15:832[1] to set the pay scales. See also LSA-R.S. 15:823.
We have reviewed the entire record and we find no manifest error in granting the *146 motion for a summary judgment since there was no dispute of material facts and the judgment was appropriate.
Appellant also complains that he was not allowed to present evidence and argue his case before the court below. Motions for summary judgment are submitted on the pleadings, the annexed documents, depositions, admissions and affidavits.[2]
Plaintiff has cited no authority and we have not found any that he has a constitutional right to be present at the submission of a motion for summary judgment. His petition was considered and he was given full opportunity to submit counter affidavits.
For these reasons we affirm at appellant's costs.
AFFIRMED.
NOTES
[1] LSA-R.S. 15:832:

"A. The department shall provide employment opportunities and vocational training for all inmates. Insofar as is possible, the equipment used in such programs, the conditions of employment, the management practices, and the general operating procedures thereof shall approximate those of private industry. The provisions of Part IX of Chapter 2 of Title 51 of the Louisiana Revised Statutes of 1950 with respect to prison made goods shall be applicable to goods made, manufactured, or produced by the inmates of all institutions and facilities, under the jurisdiction of the department.
"B. Inmates shall be compensated, within the limits in grades fixed by the secretary of the Department of Corrections for work performed, including institutional maintenance and attendance at training programs. Prisoners who are unable to work because of injury, illness, or other incapacity may be compensated at rates to be fixed by the secretary within the limits established by law. The inmate shall contribute to the support of his dependents who may be receiving public assistance during the period of commitment if funds available to him are adequate for such purpose.
"C. The department may enter into contractual agreements for the use of inmate labor by any department, board, commission or agency of this state responsible for the conservation of natural resources or the construction and maintenance of public works; provided, however, that no such contract shall be entered into with respect to the construction or maintenance of roads or highways except as otherwise provided by law.
* * *"
[2] LSA-C.C.P. Art. 996.