526 So.2d 1367 (1988)
Billy J. TAYLOR
v.
George A. BROOM, Sheriff of St. Tammany Parish, Thomas J. Healy, Individually and as Coroner of St. Tammany Parish, and the Parish and Police Jury of St. Tammany.
No. CW 871354.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
*1368 J. Courtney Wilson, New Orleans, for plaintiff.
William N. Faller, Baton Rouge and Lane Carson, Covington, for defendants.
Before WATKINS, SHORTESS, SAVOIE, LANIER and CRAIN, JJ.
LANIER, Judge.
This action is a suit for damages by a prisoner asserting he was beaten by police officers while in jail. Relief is being sought pursuant to La.C.C. art. 2315 and 42 U.S.C. § 1983. The prisoner moved for and was granted permission to proceed in forma pauperis. The prisoner petitioned the trial court for writs of habeas corpus ad testificandum for himself and three other prisoners to appear and testify at the trial on the merits. The trial court denied the request ex parte because of transportation costs and security risks. The prisoner sought supervisory relief from this court. This court denied relief on the ground that the prisoner had no absolute right to be present at a civil trial and the testimony could be preserved by deposition. The prisoner then moved to take the depositions of himself and the prisoner witnesses at no expense to himself. The trial court denied this motion. On application of the prisoner, this court granted certiorari to review that ruling.
FACTS
On March 17, 1976, Billy J. Taylor filed a suit in St. Tammany Parish, Louisiana, against the Sheriff, Coroner and Police Jury of St. Tammany Parish, alleging that on March 18, 1975, he was unlawfully beaten in the St. Tammany Parish Jail by St. Tammany Parish deputy sheriffs and that the coroner failed to provide him with proper medical treatment for his injuries.[1] Taylor was allowed to proceed in forma pauperis. On December 10, 1986, a pretrial conference was held, and this action was fixed for trial on April 30, 1987, in Covington, Louisiana.
On April 22, 1987, counsel for Taylor filed a petition for a writ of habeas corpus ad testificandum which requested that the warden of the Louisiana State Penitentiary (Angola) produce Taylor at the trial of this action and filed an application for subpoenas ad testificandum which requested the Secretary of the Louisiana Department of Corrections to produce three Angola prisoners in his custody at the trial as witnesses. The trial court ex parte, on April 24, 1987, denied these requests with the following rationale:
Prisoners who bring civil actions have no right to be personally present at any stage of the judicial proceedings. Holt v. Pitts, 619 F.2d 558 (C.A.Tenn.1980). While prisoners do retain their right to access to the courts, this does not necessarily mean that a prisoner has some inherent constitutional right to appear personally at a hearing or a trial with respect to a civil suit which he has filed. Clark v. Hendrix, 397 F.Supp. 966 (D.C. Ga.1975).
Due to the expense of transportation and security risk presented by the prisoners' presence, the Court hereby denies *1369 the Petition for Writ of Habeas Corpus ad Testificandum and Application for Subpoenas ad Testificandum.
Taylor applied to this court for supervisory relief on April 28, 1987. On April 29, 1987, this court denied the writ application with the following rationale:
Relator has no absolute right to be personally present at his civil trial. See Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049 [92 L.Ed. 1356] (U.S.1948) and Holt v. Pitts, 619 F.2d 558 (6th Cir.1980). Therefore, we deny the writ as to the "Petition for Writ of Habeas Corpus Ad Testificandum." However, plaintiff has the right to preserve his testimony by deposition.
Further, on the showing made, we deny the writ as to the "Application for Subpoenas Ad Testificandum and Order." However, relator does have the right to have subpoenas issued to his incarcerated witnesses for the purpose of preserving their testimony by deposition.
One judge dissented because he "would require the trial court to grant the motion for a subpoena ad testificandum."
On April 30, 1987, pursuant to an oral motion by counsel for Taylor, the trial court continued the trial to September 24, 1987. The trial court minute entry recites that "in the interest of justice, plaintiff will be allowed to perpetuate the testimony of his witnesses by deposition."
On September 8, 1987, counsel for Taylor filed a motion with the trial court "to take trial depositions, previously ordered by this Court, at State/Parish expense." On September 10, 1987, the trial court denied this motion. On September 23, 1987, Taylor applied to this court for supervisory relief asserting the "trial court erred in denying plaintiff's motion" and requested a stay of further trial court proceedings. On September 24, 1987, this court issued an interim order which declined to stay the trial court but which ordered the trial court "to hold open the record pending this court's consideration of the merits of this application." One judge dissented because he would grant the stay on the ground that Taylor "is entitled to have his witnesses in court or at the least, their depositions." On September 24, 1987, the trial court was notified by this court of the interim order, and the trial court, on its own motion, continued the trial on the merits "until the Appeals Court determines who will pay for the depositions in this case." On December 14, 1987, this court granted certiorari. One judge dissented because he "would deny the writ but recall the writ action of April 29, 1987 (CW/87/0577) and order the trial court to issue subpoenas ad testificandum for plaintiff and his witnesses' appearance in court."

PRISONER ACCESS TO COURT IN A CIVIL ACTION
In oral argument before us, the parties agreed that Taylor has a right to present his testimony and the testimony of his prisoner witnesses to the trial court. The dispute herein concerns the procedure by which the testimony is to be presented. Taylor contends he and his prisoner witnesses should be brought to court in St. Tammany Parish to give their testimony in open court; in the alternative, the trial of this action should be convened and conducted in its entirety at Angola pursuant to the authority of La.C.C.P. art. 197; and, in the further alternative, the testimony of Taylor and his three prisoner witnesses should be taken by video tape at no cost to Taylor. The sheriff contends the testimony of Taylor and his three prisoner witnesses should be taken by depositions and that the state, the parish and the sheriff are not liable for the advance costs of these depositions.

Prisoner's Right of Access to the Courts
A prisoner has a right of access to state and federal civil courts. La. Const. of 1974, art. I, § 22; Pollard v. White, 738 F.2d 1124 (11th Cir.1984). However, this right does not necessarily include the right to be physically present at the trial of a civil suit. Pollard, 738 F.2d at 1125; Jones v. Phelps, 374 So.2d 144 (La.App. 1st Cir. 1979). Generally, prisoners who bring civil actions have no right to be personally present in court at any stage of the action.
*1370 Holt v. Pitts, 619 F.2d 558 (6th Cir.1980). Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights among which is the right of a prisoner to plead and manage his action in court personally. Price v. Johnson, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948). A prisoner's right to sue for civil damages does not involve a fundamental constitutional right, and, thus, access to the courts may be restricted if there is a rational basis for the restriction. Cf. Everett v. Goldman, 359 So.2d 1256 (La.1978).
The determination of whether a prisoner-party in a civil action should appear personally in court for the trial of the action rests in the discretion of the trial court. Ballard v. Spradley, 557 F.2d 476 (5th Cir.1977). Factors to be considered in making this determination are (1) cost and inconvenience of transporting the prisoner from his place of confinement to court, (2) potential danger or security risk which the presence of the prisoner would pose to the court, (3) the substantiality of the matter at issue, (4) the need for an early determination of the matter compared with the possibility of delaying the trial until the prisoner is released, (5) the integrity of the correctional system, and (6) the interests of the inmate in presenting his testimony in person rather than by deposition. Holt, 619 F.2d at 561. See also United States v. $64,000 in United States Currency, 722 F.2d 239 (5th Cir.1984); Ballard, 557 F.2d at 480. If a trial court determines in its discretion to allow a prisoner-party to appear and/or testify personally in court, it may order the prisoner-party to be brought before the court at the court's domicile or, pursuant to La.C.C.P. art. 197[2], it "may order that the court be convened and the testimony of the inmate be taken, or the proceedings conducted, at the institution wherein the inmate is confined."
A prisoner-party does not have a right to have a lawfully confined prisoner appear and testify personally as a witness at the trial of the prisoner-party's civil action for damages. Clark v. Hendrix, 397 F.Supp. 966 (N.D.Ga.1975). The determination of whether a prisoner-witness in a civil action should appear personally in court to testify rests in the discretion of the trial court. Clark, 397 F.Supp. at 974. The factors to be considered in making this determination are essentially the same as those for determining whether a prisoner-party should be allowed to be personally present at his civil trial. Clark, 397 F.Supp. at 974-975.

Depositions of Prisoner Parties and/or Prisoner Witnesses
Any person desiring to perpetuate his own testimony or that of any witness may do so by deposition (upon oral examination or written interrogatories) as provided for in La.C.C.P. arts. 1429-1432 and 1450.[3] This procedure applies to the depositions of prisoners. La.C.C.P. arts. 1437 and 1450. The parties to an action may by written agreement provide for the manner of taking depositions, unless the court orders otherwise. La.C.C.P. art. 1436. The parties may agree to take a deposition by telephone. La.C.C.P. art. 1436.1. La.C.C. P. art. 1440 provides as follows:
The court may upon motion order that the testimony at a deposition be recorded by other than stenographic means, in which event the order shall designate the manner of recording, preserving, and filing *1371 the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy. If the order is made, a party may nevertheless arrange to have a stenographic transcription made at his own expense.
The deposition must be taken before an officer authorized to administer oaths. La. C.C.P. art. 1434. The official court reporters of all district courts, notaries public, the clerks and deputy clerks of the district courts and certified shorthand reporters have authority to administer oaths for depositions. La.R.S. 13:961.1; La.R.S. 35:2(B); La.C.C.P. art. 287; La.R.S. 13:910; La.R.S. 37:2554(E).[4] La.C.C.P. art. 1443 provides, in pertinent part, as follows:
Examination and cross examination of witnesses may proceed as permitted at the trial. The officer before whom the deposition is to be taken shall put the witness on oath and shall personally, or by someone acting under his direction and in his presence, record the testimony of the witness. The testimony shall be taken stenographically or recorded by any other means ordered in accordance with Article 1440. If requested by one of the parties, the testimony shall be transcribed.
La.C.C.P. art. 1446 provides, in pertinent part, as follows:
A. The officer or person recording the testimony shall certify on the deposition that the witness was duly sworn and that the deposition is a true record of the testimony given by the witness. He shall then securely seal the deposition in an envelope endorsed with the title of the action and marked "Deposition of (here insert name of witness)" and shall promptly file it with the court in which the action is pending or send it by registered or certified mail to the clerk thereof for filing, where it shall remain available for inspection.
. . . .
B. Upon payment of reasonable charges therefor, the officer shall furnish a copy of the deposition to any party or to the deponent.

Advance Payment of Costs of Depositions Taken by Paupers
La.C.C.P. art. 5181 provides as follows:
A. Except as provided in Paragraph B of this Article, an individual who is unable to pay the costs of court because of his poverty and lack of means may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance or as they accrue or furnishing security therefor.
B. In the event any person seeks to prosecute a suit in a court of this state while incarcerated or imprisoned for the commission of a felony without paying the costs in advance as they accrue or furnishing security therefor, the court shall require such person to advance costs in accordance with the following schedule:

 Prisoner's Present Advance Cost
 Assets To Be Paid
Minimum Maximum Minimum Maximum
Amount Amount Amount Amount
$ 0.00 $ 20.00 $ 0.00 $ 3.00
$ 20.01 $ 45.00 $ 3.00 $ 9.00
$ 45.01 $ 65.00 $ 9.00 $ 15.00
$ 65.01 $ 85.00 $ 15.00 $ 21.00
$ 85.01 $105.00 $ 21.00 $ 27.00
$105.01 $125.00 $ 27.00 $ 33.00
$125.01 $145.00 $ 33.00 $ 39.00
$145.01 $165.00 $ 39.00 $ 45.00
$165.01 $185.00 $ 45.00 $ 51.00
$185.01 $205.00 $ 51.00 $ 57.00
$205.01 $225.00 $ 57.00 $ 63.00
$225.01 $245.00 $ 63.00 $ 69.00
$245.01 $265.00 $ 69.00 $ 75.00
$265.01 $285.00 $ 75.00 $ 81.00
$285.01 $305.00 $ 81.00 $ 87.00
$305.01 $325.00 $ 87.00 $ 93.00
$325.01 $345.00 $ 93.00 $ 99.00
$345.01 $365.00 $ 99.00 $105.00
$365.01 UP $105.00 to all advance
 cost.

C. The court for good cause shown may require a prisoner to pay more or less advance cost than is required by the schedule in Paragraph B of this Article if the court finds that the prisoner's prior financial record makes reliance on his present economic status inappropriate. (Emphasis added.)
La.C.C.P. art. 5185 provides, in pertinent part, as follows:

*1372 A. When an order of court permits a party to litigate without the payment of costs until this order is rescinded, he is entitled to:
(1) All services required by law of a sheriff, clerk of court, court reporter, notary, or other public officer in, or in connection with, the judicial proceeding, including but not limited to the filing of pleadings and exhibits, the issuance of certificates, the certification of copies of notarial acts and public records, the issuance and service of subpoenas and process, the taking and transcribing of testimony, and the preparation of a record of appeal;
(2)(a) The right to the compulsory attendance of not more than six witnesses for the purpose of testifying, either in court or by deposition, without the payment of the fees, mileage, and other expenses allowed these witnesses by law.
. . . .
C. No public officer is required to make any cash outlay to perform any duty imposed on him under any Article in this Chapter, except to pay witnesses summoned at the expense of the parish the witness fee and mileage to which they are entitled. (Emphasis added.)
Thus, under La.C.C.P. art. 5185, a pauper is entitled to receive, without advance payment of costs, all services required by law of a clerk of court, court reporter or notary in, or connected with, the suit, provided the performance of the duty does not require any cash outlay.
For the purpose of La.C.C.P. art. 5185, there is a distinction between "the taking and transcribing of testimony" of a trial and the recording of the testimony of a witness at a deposition. Official revision comment (a) for La.C.C.P. art. 5185 provides as follows:
This article has not retained the provision of its indirect source which purported to give the indigent party the right to the services of a court reporter in depositions taken out of court. Actually, there is no statutory provision which imposes on a court reporter the duty of taking such depositions. The matter is left to agreement between counsel for the indigent party and the court reporter. If the latter is willing to take and transcribe testimony under deposition, and to take his chances on being paid if the indigent party obtains judgment, the reporter is entitled to recover his fees in such cases. However, no duty is imposed upon the official court reporter to take such depositions. (Emphasis added.)
See also Pickney v. Sandoz, 200 So.2d 787 (La.App. 3rd Cir.1967). Pursuant to La. R.S. 13:961(C), an official court reporter has a duty to "report in ... any ... recognized manner, and transcribe ... all the testimony taken in all civil appealable cases tried in the judicial district..., when ordered so to do by the presiding judge,...."[5] Official court reporters "have authority" under La.R.S. 13:961.1 to take depositions but have no duty to do so. Thus, official court reporters are not "required by law" to take depositions for paupers (or anyone else), and their costs for doing so are not subject to the provisions of La.C.C.P. art. 5185. We have found no law, and none has been cited to us, which requires clerks of court (or their deputies) or notaries public to take depositions; they are authorized to do so but have no affirmative duty to do so.[6] Thus, clerks of court (and their deputies) and notaries public are not "required by law" to take depositions for paupers, and their costs for doing so are not subject to the provisions of La.C.C. P. art. 5185.[7]

*1373 Conclusion

The narrow issue before us is whether or not Taylor is entitled to take the depositions of himself and his prisoner witnesses without advance payment of the cost of recording and/or transcribing the depositions. We conclude that under La.C. C.P. art. 5185 Taylor's pauper status does not relieve him from the obligation of paying for the cost of recording and/or transcribing depositions as those costs accrue. However, because of this ruling, we believe the interests of justice require that the trial court reconsider the issue of how Taylor will present the testimony of himself and his prisoner witnesses to the court.
The parties hereto are in agreement that Taylor is entitled to present the testimony of himself and his prisoner witnesses to the trial court. To be resolved is the method by which this testimony will be presented. The options available to accomplish this are (1) to bring Taylor and/or his prisoner witnesses, or any combination thereof, to the domicile of the trial court in St. Tammany Parish, (2) to convene the trial court at Angola to take the testimony of Taylor and/or his prisoner witnesses, or any combination thereof, and conduct any other proceedings the trial court elects to conduct there, (3) to take the perpetuating depositions of Taylor and/or his prisoner witnesses, or any combination thereof, and (4) to use any reasonable combinations of options (1), (2) and (3).[8] In determining whether or not to use perpetuating depositions, the trial court should consider the various types of officers authorized to administer oaths for depositions, the various methods by which the depositions may be recorded, the cost involved in the various methods of recording depositions and the ability of Taylor to advance costs pursuant to La.C.C.P. art. 5181.

DECREE
For the foregoing reasons, the judgment of the trial court holding that a pauper is not entitled to take a deposition without payment of the cost of transcribing and/or recording it is affirmed; our previous supervisory writ action in this matter, taken on April 29, 1987, under docket number CW-87-0577, is recalled and set aside; and this action is remanded to the trial court for it to hold a hearing and fashion a method by which the testimony of Taylor and his three prisoner witnesses shall be presented to the trial court, all in accordance with the views expressed herein. The cost of this supervisory writ shall be assessed in the final judgment on the merits in the trial court.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
SHORTESS, Judge, concurring.
As the judge who has dissented throughout these proceedings, I am pleased that we have decided that a hearing is in order to determine, among other things, if a security risk exists and the costs of transportation.
One thing is certain: our law does not require a court reporter to travel to Angola to perpetuate testimony in a pauper case. So, the only practical solution is the one I have suggested since the beginning: permit plaintiff and his witnesses to testify in St. Tammany. If, however, the hearing shows that a serious security risk is involved or that costs of transporting plaintiff and his witnesses are too great, then the court may use its discretion and go to Angola and take the necessary testimony. LSA-C.C.P. art. 197.
I respectfully concur.
NOTES
[1] The coroner and police jury were subsequently dismissed as parties defendant on joint motion.
[2] La.C.C.P. art. 197 provides as follows:

A. "Inmate" means a person confined pursuant to a sentence imposed by a court following the conviction of a crime, or pursuant to the judgment of a juvenile court, in any prison, jail, correctional or training institution operated by the state or any of its political subdivisions.
B. When in any judicial proceeding the testimony of an inmate is required by law to be given in open court or an inmate is a party to a judicial proceeding under circumstances giving him the legal right to be present in open court at any stage of the proceeding, the trial judge, in his discretion, may order that the court be convened and the testimony of the inmate be taken, or the proceedings conducted, at the institution wherein the inmate is confined.
[3] A review of the record presently before us does not indicate that the procedure set forth in La.C.C.P. art. 1429 et seq. has been followed in this case.
[4] See also La. Const. of 1974, art. IV, § 7; La.R. S. 49:224.
[5] Pursuant to La.R.S. 13:961(F)(3)(a) and (4)(a), if a pauper in a civil action orders a transcript of trial testimony for an appeal, "the court reporter shall transcribe the testimony after the order of appeal is granted" and the cost of the transcript "shall be assessed as costs and paid by the party ... ultimately cast in judgment...."
[6] It is not claimed herein that a certified shorthand reporter is a "public officer" for purposes of La.C.C.P. art. 5185.
[7] The costs of taking depositions will be taxed against the party cast in judgment, unless otherwise provided by the court for equitable reasons. La.C.C.P. art. 1920; La.R.S. 13:4533. A pauper may be cast for the costs in a judgment. La.C.C.P. art. 5188.
[8] We take judicial notice that Angola is in West Feliciana Parish and conclude that forum non conveniens, as provided for in La.C.C.P. art. 123, is not applicable. South Louisiana Contractors, Inc. v. Freeman, 393 So.2d 461 (La.App. 3rd Cir.1981); Cashio v. Cashio, 364 So.2d 188 (La. App. 1st Cir.1978).