KRIS KENNY
v.
DEPUTY DOMINICK MASON, IDIVIDUALLY AND IN HIS CAPACITY AS AN EMPLOYEE OF ST. TAMMANY PARISH SHERIFF'S OFFICE, SHERIFF JACK STRAIN, STATE TROOPER TROY DIXON, INDIVIDUALLY AND AS AN EMPLOYEE OF THE STATE OF LOUISIANA, STATE TROOPERS AND STATE OF LOUISIANA.
No. 2008 CA 0020.
Court of Appeal of Louisiana, First Circuit.
June 6, 2008.
NOT DESIGNATED FOR PUBLICATION
OTHA CURTIS NELSON, SR. BATON ROUGE, LA Attorney for Plaintiff/Appellant, Kris Kenny.
CHARLES M. HUGHES, JR. STAN E. BRANTON BOGALUSA, LA Attorneys for Defendants/Appellees, St. Tammany Sheriffs Department, through the St. Tammany Parish Work Release Facility, and Deputy Dominick Mason, Individually and in his capacity as a Deputy Sheriff for St. Tammany Parish.
MICHAEL C. KELLER, PHYLLIS E. GLAZER, New Orleans, LA Attorneys for Defendants/Appellees, State Trooper Talmidge Dixon, Individually and in his capacity as a State Trooper for the State of Louisiana.
Before: CARTER, C.J., PETTIGREW and WELCH, JJ.
CARTER, C. J.
Kris Kenny, an inmate in the custody of the Department of Corrections, filed this tort suit against multiple defendants on March 6, 2007, alleging that he was beaten by law enforcement personnel on March 5, 2006. The trial court sustained a peremptory exception raising the objection of prescription urged by defendants St. Tammany Parish Sheriffs Department, Deputy Dominick Mason, individually and in his official capacity as Deputy Sheriff of St. Tammany Parish, and Sheriff Jack Strain, in his official capacity as Sheriff of St. Tammany Parish, and dismissed Kenny's claims against those defendants.[1] Kenny now appeals.
Kenny complains that the trial court abused its discretion in refusing to have him transported from his place of incarceration (Avoyelles Correctional Center in Cottonport, Louisiana) to the courthouse in Covington for the hearing on the exception. A prisoner's right to sue for civil damages does not involve a fundamental constitutional right, and, thus, access to the courts may be restricted if there is a rational basis for the restriction. The detennination of whether a prisoner-party in a civil action should appear personally in court rests in the discretion of the trial court. Taylor v. Broom, 526 So.2d 1367, 1370 (La. App. 1 Cir. 1988). Based on the record before us, we find that the trial court did not abuse its discretion in refusing to have Kenny transported to the courthouse for the hearing.
Kenny also complains that the trial court issued its written reasons before he submitted his post-trial memorandum. This court's review is limited to judgments. The trial court's written reasons form no part of its judgment. LSA-C.C.P. art. 1918; Bellard v. American Cent. Ins. Co., 07-1335, 07-1339 (La. 4/18/08), ___ So.2d ___, ___. Kenny makes no complaints about the date of the judgment, which was rendered well after his post-trial memorandum was filed.
Kenny's sole argument related to the merits of the trial court's judgment sustaining the peremptory exception raising the objection of prescription is that he was the victim of a continuing tort, in that he was not provided timely medical treatment. The record does not support this position. Kenny's petition does not allege that he was denied medical treatment. Kenny's petition sets forth that he suffered injuries when he was beaten by law enforcement personnel on March 5, 2006. Accordingly, his petition, filed March 6, 2007, was untimely and is prescribed. See LSA-C.C. art. 3492.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are assessed to Kris Kenny. This memorandum opinion is issued in compliance with URCA Rule 2-16.1 .B.
AFFIRMED.
NOTES
[1] Kenny's claims against the remaining defendants remain outstanding.