**James POLLARD, Plaintiff-Appellant,**

**v.**

**J.D. WHITE, Warden, Officer John Chancery, Officer Jerry Davis and Officer Taylor, Defendants-Appellees.**

**No. 84–7019**

**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 18, 1984.

T. Bruce McGowin, Davis D. Carr, Mobile, Ala., for plaintiff-appellant.

Jack M. Curtis, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellees.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

PER CURIAM:

James Pollard appeals the judgment of the United States District Court for the Southern District of Alabama overruling his objection to the recommendation of the magistrate refusing to order his attendance at the trial of his action against state prison officials brought pursuant to 42 U.S.C. § 1983. Pollard sued the defendants for alleged mistreatment suffered during his incarceration at the Holman Prison in Holman Station, Alabama, immediately prior to his transfer to a federal prison in Marion, Illinois. Upon receipt of Pollard's § 1983 complaint, the court considered *sua sponte*

the feasibility of returning the petitioner to Alabama from Marion for the trial. After reviewing both parties' briefs on this issue, the magistrate to whom this case was referred concluded that Pollard should not be returned from Illinois but could testify by deposition. Finding no abuse of discretion, we affirm.

Prisoners have a right of access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). The right to access does not necessarily mean the right to be physically present at the trial of a civil suit, however. The proper procedural vehicle for securing a prisoner's presence at trial is a writ of habeas corpus *ad testificandum* which may be issued at the discretion of the district court.[1] *See Bonner v. City of Prichard, Alabama,* 661 F.2d 1206 (11th Cir. 1981) (en banc). The discretionary grant of the writ of habeas corpus *ad testificandum* is predicated on several factors, including, "whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, [and] the expense of the prisoner's transportation and safekeeping ...." *Ballard v. Spradley,* 557 F.2d 476, 480 (5th Cir.1977).[2]

As a preliminary matter, we note that the court's language in *Mitchum v. Purvis,* 650 F.2d 647, 648 (5th Cir. Unit B 1981) that "[a]ny concern over the need to transport ... prisoners to court should be considered *if and when* writs of habeas corpus *ad testificandum* are sought" could be read as a bar to the court's *sua sponte* consideration of this issue. *Mitchum* is distinguishable from the instant case, however. There, the court raised and decided the transportation question on its own motion without a hearing as a procedural means to circumvent a disposition on the merits in a seemingly frivolous § 1983 action. Here, both sides had a full and fair opportunity to brief the issue and a trial was had on the merits. Therefore, under these facts, it was not improper for the court, on its own initiative, to inquire into the feasibility of having Pollard personally in court.

Turning to the magistrate's conclusions, it appears doubtful that Pollard's presence would have substantially affected the outcome of his trial in light of the fact that he was represented by competent counsel and testified by deposition. Moreover, the evidence demonstrates that Pollard presented a substantial security risk. For example, prison officials had confiscated a variety of dangerous implements from his cell over a period of time, including an array of knives, hacksaw blades, lock picks, homemade handcuff keys and hypodermic needles. *See* record at 25. Additionally, prison records indicated that Pollard injured himself while trying to rig a homemade bomb. Finally, the cost of transporting Pollard from Illinois, where he is presently incarcerated, to Alabama, would involve a substantial expense.

It is always desirable to afford a litigant the opportunity to be physically present during the trial of his case. However, in this instance, it is clear that the cost and risk to the state in transporting Pollard back to Alabama far outweigh any possible detriment he may have suffered as a result of his absence.

The judgment of the district court is AFFIRMED.

---

1. No formal petition for a writ of habeas corpus *ad testificandum* ever was filed. Instead, upon receipt of Pollard's complaint in his civil suit, the magistrate raised the issue of Pollard's right to be present at trial.

2. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.