[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER OF NOTICE
The plaintiff has filed a motion for modification of certain orders relating to the allocation of income tax exemptions issued pursuant to orders made at the time of the dissolution of her marriage to the defendant. By certified mail and return receipt received, the plaintiff has complied with the First Order of Notice issued by the clerk's office, ostensibly for purposes of providing the defendant with information concerning the time and place at which the motion would be heard. The matter was presented to the court at a hearing held on December 6, 1995: the plaintiff was present in court, and the defendant was absent.
The plaintiff has represented that the defendant is currently CT Page 13780 a sentenced prisoner who is confined to federal correctional facility outside the state of Connecticut. The court finds that under these circumstances, the plaintiff has failed to provide the defendant with adequate opportunity to be heard in opposition to her motion for modification.[1]
While the defendant should have a right of access to the court to be heard in relation to this motion, it is conceivable that this right may be overwhelmed by the interest of the government in maintaining the defendant's confinement, or by the extraordinary expense associated with transportation of the defendant to this court. Pollard v. White, 738 F.2d 1124, 1125
(11th Cir. 1984); Stone v. Morris, 546 F.2d 730, 735 (7th Cir. 1977). In a case such as this, the defendant may choose to make known his position in response to the motion for modification through physical appearance after the granting of a writ of habeas corpus.[2] He may choose to apply for permission to provide testimony through submission of a deposition, at which proceeding the plaintiff and/or her counsel may appear and cross-examine the defendant. Pollard v. White, supra, 738 F.2d 1125. The defendant may, instead, choose to notify the court in writing that he declines the opportunity to contest the motion, or he may, through his silence in response to service of this order, permit the court to infer that he has declined this opportunity.
WHEREFORE, IT IS ORDERED that the defendant notify thiscourt, on or before December 29, 1995, of his intention to physically attend hearing of the plaintiff's motion to modify; that he intends to submit deposition testimony in response to this motion; or that he declines the opportunity to be heard in connection with this matter; whereupon the court will enter responsive orders.
BY THE COURT,
N. Rubinow, J