975 So.2d 40 (2007)
Penny Strauss FALCON
v.
Shane Anthony FALCON.
No. 07-CA-491.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2007.
*42 Mitchell J. Hoffman, Jeffrey M. Hoffman, Lowe, Stein, Hoffman, Alweiss & Hauver, L.L.P., New Orleans, LA, for Defendant/Appellant.
Ferdinand J. Kleppner, Law Offices of Ferdinand J. Kleppner, Ltd., Metairie, LA, for Plaintiff/Appellee.
Panel composed of Judges MARION F. EDWARDS, WALTER J. ROTHSCHILD, and GREG G. GUIDRY.
MARION F. EDWARDS, Judge.
Defendant/appellant, Shane Anthony Falcon ("Falcon"), appeals a judgment in favor of his former wife, plaintiff/appellee, Penny Strauss Falcon ("Mrs. Falcon"), in the amount of $150,000. For the foregoing reasons, we affirm.
On September 2, 2003, Mrs. Falcon filed a Petition for Damages in the Twenty-Fourth Judicial District Court against her former husband alleging numerous instances of violent behavior against her. The allegations included stalking, rape, and attempted murder. Mrs. Falcon sought damages for pain and anguish as well as loss of income. The couple had been granted a divorce in October 2002.
Falcon filed a pro se answer to the petition from Dixon Correctional Center, where he was incarcerated. Subsequently, Falcon executed a general Power of Attorney in favor of his sister, Lorenza Davis ("Ms. Davis"). Ms. Davis and Falcon filed an Amended Answer to the petition. On May 5, 2005, Falcon was convicted of solicitation to commit murder of his wife and later sentenced to seventeen years at hard labor. In December 2005, a Motion for Status Conference to Set Trial in the civil litigation was filed and served upon both Falcon and Ms. Davis. Ms. Davis was present at the status conference when the trial date was set for June 19.
On June 5, 2006, pursuant to a motion by Mrs. Falcon, the trial court signed a Motion for Writ of Habeas Corpus Ad Testificandum directing the warden at Dixon Correctional Center ("Dixon") to produce Falcon for trial. The motion stated that Falcon's presence was necessary for cross-examination purposes. Counsel for Mrs. Falcon sent a letter by certified mail on June 6 to Falcon, informing him of the date of trial. When trial commenced, Falcon was not present. The court heard the testimony of Mrs. Falcon and rendered judgment in the amount of $150,000. Falcon, through counsel, filed a Motion for New Trial, which was denied. On appeal, Falcon first urges that the court erred in commencing the trial in his absence.
When an inmate is a party to civil judicial proceedings, the trial judge, in his discretion, may order the presence of the inmate in court pursuant to LSA-R.S. 15:706(D). Under R.S. 15:706(D), when a prisoner's presence is required in court proceedings in a district court for a parish outside the judicial district in which he is incarcerated, the party requesting the prisoner's presence shall apply to the court in which the proceeding is to be held for an order directing the transportation of the prisoner and the court shall order the sheriff of the parish in which the court proceeding is to be held to take custody of the prisoner in the parish in which he is incarcerated and to transport him to the parish in which the proceeding is to be held. It is not unusual for individuals who are incarcerated to be parties to civil litigation, *43 either as plaintiff or defendant, and a writ of habeas corpus ad testificandum is the means for such individuals to be present in court.[1] Prisoners who are parties to litigation utilize this mechanism to obtain their presence and the presence of witnesses who are also incarcerated in court.[2]
In the present case, Mrs. Falcon moved for a writ of habeas corpus ad testificandum, but directed it solely to the warden at Dixon rather than to the Sheriff in Jefferson Parish. There was no order or writ to the Jefferson Parish Sheriff directing that office to transport Falcon to Jefferson Parish. However, Falcon had notice both personally and through his mandate, Ms. Davis, of the upcoming trial, and, if he found it necessary to be present at trial, it was incumbent upon him to seek the proper relief to ensure his own appearance. There is no indication in the record that Falcon was estopped or prevented in any way from applying for the necessary writ.
A prisoner has a right of access to state and federal civil courts. . . . However, this right does not necessarily include the right to be physically present at the trial of a civil suit. . . . Generally, prisoners who bring civil actions have no right to be personally present in court at any stage of the action. . . . Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights among which is the right of a prisoner to plead and manage his action in court personally. . . . A prisoner's right to sue for civil damages does not involve a fundamental constitutional right, and, thus, access to the courts may be restricted if there is a rational basis for the restriction. . . . [3]
This assignment of error is without merit.
Falcon also complains that the court erred in failing to grant a new trial because he was not present at the original proceedings. For the reasons above, this assignment of error is also without merit.
Finally, Falcon contends that the court erred in awarding Mrs. Falcon $150,000 based exclusively on her own testimony, and, further, that she did not establish a prima facie case.
In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury. LSA-C.C. art. 2324.1. General damages are those which may not be fixed with pecuniary exactitude; instead, they involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or life-style which cannot be definitely measured in monetary terms.[4] When damages are insusceptible of precise measurement, much discretion is left to the trial court for the reasonable assessment of these damages. LSA-C.C. art. 1999. In reviewing an award of damages by the trial court, the appellate court is limited to a review for abuse of discretion. The discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages.[5] A *44 trial court's determination as to whether testimony is credible or the plaintiff has met his/her burden of proof is a factual determination, and not to be disturbed unless clearly wrong or there is a showing of manifest error.[6]
At trial, Mrs. Falcon testified that, during the course of her marriage, Falcon was verbally abusive and stalked her at work. On one occasion, he reached into her car window, yanked her ear and stole an earring, then stole her cell phone when she tried to call the police. He has repeatedly broken into her house and stolen her personal property. Falcon raped her and attempted to kill her on three separate occasions. During the course of the criminal proceedings against her, he threatened her. She has had to go to a self-defense program several times. She still fears him, because he has already tried to get to her from jail, and she has purchased a gun to defend herself. She and her children have had counseling.
In the present case, Mrs. Falcon suffered both physical and psychological abuse at the hands of her husband over a period of several years. She testified that she is still afraid of Falcon, and, under the particular circumstances, her fear does not appear to be unfounded. In the present case, we find no manifest error in the determination by the trial court that Mrs. Falcon met her burden of proof and no abuse of discretion in the award of general damages.
For the foregoing reasons, the judgment is affirmed. Costs are taxed to Falcon.
AFFIRMED.
NOTES
[1] See, Ardoin v. Bourgeois, XXXX-XXXX (La. App. 3 Cir. 11/02/05), 916 So.2d 329.
[2] Id.
[3] Proctor v. Calahan, 95-210 (La.App. 3 Cir. 8/30/95), 663 So.2d 110, 112 (citations omitted).
[4] Kaiser v. Hardin, 2006-2092 (La.4/11/07), 953 So.2d 802.
[5] Arseneaux v. Gray Ins. Co., 06-266 (La.App. 5 Cir. 9/26/06), 943 So.2d 521.
[6] Montrell v. State Farm Mut. Auto. Ins. Co., XXXX-XXXX (La.App. 4 Cir. 11/21/06), 946 So.2d 230, writ denied, 2006-2997 (La.2/16/07), 949 So.2d 414.