GASKINS, J.
|! This appeal arises from a judgment in which the trial court awarded sole custody of a seven-year-old boy to his father and refused to order that the child visit his mother in prison. The mother contends that the trial court erred in accepting the recommendation of a hearing officer when she was not allowed to attend the hearing officer conference and the trial court did *1008 not consider her objections to the hearing officer’s recommendations. We affirm the trial court judgment.
FACTS
The parents, Gerald and Karen Leeper, were married in January 2002 in Jefferson Parish following the September 2001 birth of their son. The mother was incarcerated from February 2002 to May 2004. After her release, the family lived together in Jefferson Parish.
In April 2006, the mother was sentenced to six years at hard labor for possession of cocaine; pursuant to a plea bargain, a charge of possession of hydrocodone was dismissed. In May 2006, a Jefferson Parish district court order designated the father as the domiciliary parent in a joint custody plan. Because the mother was in prison, no visitation was ordered; the court stated that the mother had reasonable contact with the child by phone or mail. The father and the child moved to Ouachita Parish that same month.
In March 2008, the father filed the instant petition for divorce and custody in Ouachita Parish. He requested sole custody of the child or, in the alternative, joint custody with domiciliary custody to him and reasonable contact by phone or mail with the mother. The father asserted that visiting with the mother in prison and/or contact with her had caused the child | ^distress. He alleged that he and the child moved to Monroe due to threats by persons associated with the mother.
On April 14, 2008, the mother answered in proper person, requesting joint custody and visitation with the child. As to visitation, she cited a “caring parents” program at the prison. The trial court did not sign an order for the mother to be brought from prison to a hearing.[1]
On January 5, 2009, the father filed an expedited motion for custody seeking sole custody of the child. The matter was set for hearing on February 18, 2009. Service of notice of the hearing was made at the mother’s prison on January 20, 2009.
On January 28, 2009, the mother’s response to the father’s expedited motion was received and filed. A second copy of this pleading was received on February 13, 2009, and filed on February 19, 2009; according to a handwritten notation, it was a duplicate held for payment. In her response, the mother again stated that she would like to be present for the hearing. She attached an order to compel the prison warden to allow her to attend. The order on the first pleading was not signed; as to the order on the second copy of the pleading, at 10:10 a.m. on February 18, 2009, in a handwritten notation, the trial court denied the order “as per order issued in open court on 2/18/09 at 9:15 a.m.” The minutes for February 18, 2009, state: “Defendant present. [Father’s attorney] absent. Faxed letter from [father’s attorney] filed into the record per order of the Court. Interim Custody order | .¡provided by the Court, copy served to Defendant in open court.” No copy of the interim order of custody is found in the appellate record.
In the meantime, on February 13, 2009, the mother filed a motion to proceed in forma pauperis, which was granted on February 18, 2009.
On February 25, 2009, a hearing officer conference [HOC] order was issued setting a HOC for April 15, 2009. Service of this order was made at the mother’s prison on March 8, 2009.
*1009 On March 6, 2009, the mother filed a “motion to appeal,” which she requested be considered as an objection to any order leaving the child in the sole custody of his father. The trial court denied the mother’s request to set a rule to show cause hearing on the motion at which she would be present “on the showing made in light of the existing record.”
On April 15, 2009, the HOC was held. The father and his attorney were present but the mother, who was served, did not appear. Various findings of undisputed fact were made, including the following. The father had not taken the child to the prison to visit the mother for more than a year. Previously, he had taken the child on some occasions; however, the child became upset during the visits and he had indicated a desire to not return to the prison to visit. During 2007 and early 2008, the mother attempted to maintain contact through cards and letters. Each parent contended that threats have been made by the other parent or persons associated with the other parent. The mother’s release date from prison is in 2012. There were also statements that the mother had sought sexual encounters through ads in publications.
14 The hearing officer concluded that 10 of the 12 factors set forth in La. C.C. art. 134 favored the father and that the two remaining factors — preference of the child and willingness to encourage a relationship with the other parent — did not favor either party. As a result, sole custody to the father was found to be in the child’s best interest. Additionally, the hearing officer found that visitation with the mother at the prison at St. Gabriel would place a substantial burden of travel on the father and the child and would likely be upsetting to the child. Instead, the hearing officer held that it would be in the child’s best interest for the mother to communicate by mail. The hearing officer also stated that after her release, the mother can file pleadings seeking visitation. The HOC report was filed April 16, 2009.
On April 16, 2009, the trial court signed a judgment adopting and implementing the hearing officer’s recommendations. The court noted that no objections had been filed to the HOC report and that the delays for filing such objections had been expressly waived by the father and waived by the mother due to “her failure to appear for the conference after proper notice.”
On April 23, 2009, the mother was served in prison with the trial court judgment. On April 24, 2009, the mother filed a multitude of objections to the HOC report. She signed a certification that acknowledged receipt of a copy of the HOC report rendered on April 16, 2009, and essentially tracked the language set forth in the acknowledgment form attached to the HOC report.
The mother appeals from the trial court judgment. She requests that joint custody of the child be granted and that the child be compelled to visit her in prison.
|,LAW
The paramount consideration in any determination of child custody is the best interest of the child. La. C.C. art. 131. In order to obtain an award of sole custody, the parent seeking custody must prove by clear and convincing evidence that sole custody, as opposed to joint custody, is in the best interest of the child. La. C.C. art. 132. A parent not granted custody or joint custody of a child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would not be in the best interest of the child. La. C.C. art. 136.
*1010 The jurisprudence emphasizes that the best interest of the child is the sole criterion for determining a noncustodial parent’s right to visitation. Smith v. Smith, 41,871 (La.App. 2d Cir.1/24/07), 948 So.2d 386, writ not considered, 2007-0621 (La.4/20/07), 954 So.2d 149; Davis v. Davis, 494 So.2d 1315 (La.App. 2d Cir. 1986). Because each case depends on its own facts, the determination regarding visitation is made on a case-by-case basis. Davis, supra. Great weight is given to the trial court’s determination, and the court’s judgment will not be overturned unless a clear abuse of discretion is shown. Smith, supra; Davis, supra.
As to objections to HOC reports, Rule 27.2(D) of the Local Rules of the Fourth Judicial District Court provides, in relevant part:
1. After the Hearing Officer issues the written Hearing Officer Conference Report, the parties will have three (3) days, exclusive of weekends and legal holidays, from the date of the rendition of said Report, to file a written objection with the office of the Clerk of Court for the parish in which the case is pending....
[[Image here]]
|fi4. Any objection not timely filed in accordance with the above provisions shall be subject to ex parte dismissal by the court, on the court’s own motion.
5. A party who, after having been duly cited and served with process, fails to appear or remain for the duration of a Hearing Officer Conference waives the right to file an objection to the recommendations contained in the Hearing Officer Conference Report, unless the Hearing Officer has excused the failure to appear or to remain for the duration of the Hearing Officer Conference. [Emphasis theirs.]
A prisoner has a right of access to state and federal civil courts. La. Const, art. 1, § 22; Pollard v. White, 788 F.2d 1124 (11th Cir.1984), cert, denied, 469 U.S. 1111, 105 S.Ct. 791, 83 L.Ed.2d 785 (1985); Taylor v. Broom, 526 So.2d 1367 (La.App. 1st Cir.1988). However, this right does not necessarily include the right to be physically present at the trial of a civil suit. Pollard, 738 F.2d at 1125; Jones v. Phelps, 374 So.2d 144 (La.App. 1st Cir.1979); Taylor v. Broom, supra. Generally, prisoners who bring civil actions have no right to be personally present in court at any stage of the action. Holt v. Pitts, 619 F.2d 558 (6th Cir.1980). Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, among which is the right of a prisoner to plead and manage his action in court personally. Price v. Johnston, 334 U.S. 266, 285-86, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948), overruled on other grounds by McCleshey v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).
It is not unusual for individuals who are incarcerated to be parties to civil litigation, either as plaintiff or defendant, and a writ of habeas corpus ad testifican-dum is the means for such individuals to be present in court. Prisoners who are parties to litigation utilize this mechanism to obtain their presence in court. Ardoin v. Bourgeois, 2004-1663 (LaApp. 3d Cir. [11/2/05),7 916 So.2d 329; Falcon v. Falcon, 07-491 (La.App. 5th Cir.12/27/07), 975 So.2d 40, writ denied, 2008-0295 (La.3/28/08), 978 So.2d 311.
The determination of whether a prisoner-party in a civil action should appear personally in court for the trial of the action rests in the discretion of the trial *1011 court. Ballard v. Spradley, 557 F.2d 476 (5th Cir.1977); Taylor v. Broom, supra.
DISCUSSION
The record shows that the mother was served with the notice for the HOC. While the mother filed requests to be present at other proceedings, she did not file one specifically for the HOC. Accordingly, since she failed to take the necessary steps to secure her presence at the hearing, she cannot complain now that she was not there. See Proctor v. Calaban, 95-210 (La.App. Bd Cir.8/30/95), 663 So.2d 110; Ardoin v. Bourgeois, supra; Falcon v. Falcon, supra. Nor can she be heard to complain about the fact that her absence from the HOC waived her right to object to the recommendations in the HOC report, which the trial court then adopted and implemented in its judgment.
Furthermore, even assuming arguendo that the mother’s “motion to appeal” filed on March 6, 2009, could be construed as a request to be present at the HOC, nothing in the record indicates an abuse of the trial court’s discretion in denying the same. As an incarcerated inmate, the mother had no absolute right to be physically present at such a hearing.
|8The record demonstrates that the mother has been absent for most of the child’s life due to her incarcerations for criminal activities. The father has been the child’s primary caregiver since infancy. Under the circumstances of the instant case, we find no error in the trial court’s determination that the father proved by clear and convincing evidence that granting him sole custody was in the child’s best interest. On the issue of visitation, the hearing officer and the trial court found that visitation at the prison was not in the best interest of the child. The father indicated that the prior visits to the mother in prison were distressing to this young child. We find that the trial court’s refusal to force the child to visit the mother in the confines of a state prison — an activity which upset the child in the past — is not an abuse of discretion. See Smith, supra; Davis, supra.
We note that following her release from prison, the mother will have the opportunity to seek a modification of custody and/or visitation. In the meantime, the mother is allowed to reasonably maintain her relationship with the child through communication by mail.
CONCLUSION
The judgment of the trial court is affirmed. Costs of this appeal are assessed against the mother, Karen Leeper.
AFFIRMED.

. The handwritten notation on the proposed order sent by the mother with her pleadings appears to say: "Returned unsigned pending a status conf. by phone or in person being held.”