NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-343

JADE MCCANN BARNES

VERSUS

PAUL DEWAYNE BARNES

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2005-8187
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Angelo Joseph Piazza, III
Attorney at Law
P. O. Box 429
Marksville, LA 71351
(318) 253-6423
Counsel for Plaintiff/Appellee:
Jade McCann Barnes

**Susan Ford Fiser**
**Attorney at Law**
**P.O. Box 12424**
**Alexandria, LA 71315-2424**
**(318) 442-8899**
**Counsel for Defendant/Appellant:**
**Paul Dewayne Barnes**

**PICKETT, Judge.**

Father appeals judgment that nullified his designation as the domiciliary parent because the mother who was incarcerated on drug charges did not receive reasonable notice of the hearing on his rule to change custody of their minor children from her to him. For the following reasons, the judgment of the trial court is affirmed.

## FACTS

Pursuant to a consent judgment dated June 22, 2006, Paul Barnes and Jade McCann Barnes were divorced. The consent judgment also addressed the custody and support of their two minor children, providing for joint custody of the children to be shared by Paul and Jade with Jade being the domiciliary parent and Paul enjoying "reasonable and set visitation" with the children. Thereafter, on July 27, 2009, Paul filed a Rule for Change of Custody and for Other Relief (Rule) in which he sought sole custody of the children on the basis that Jade was not cooperating with him regarding their joint custody plan, was not adequately caring for the children, and was using or dealing drugs for which she had been arrested. The Rule requested that the matter be set for hearing on August 7, 2009, and that Jade be served through the Warden of the East Baton Rouge Parish Prison.

In accordance with La.Code Civ.P. art. 1235.1, Jade was served with notice of the August 7, 2009 hearing by a designee of the East Baton Parish Prison Warden on August 5, 2009. The hearing on Paul's Rule proceeded as scheduled on August 7, 2009, and by Judgment dated August 20, 2009, Paul was designated the principal domiciliary parent of the children, and Jade was granted reasonable supervised visitation with the children. Jade's mother attended the hearing but did not voice any objection to the hearing proceeding.

1

On October 21, 2009, Jade filed a Motion for New Trial or in the Alternative Rehearing (Motion) in which she alleged that she had not received notice of the August 7, 2009 hearing until the day prior to the hearing. Jade further asserted that she was incarcerated at the time she was served with the notice of the hearing and that she was not allowed to appear at the hearing or afforded an opportunity to secure representation for the hearing. She requested that she be granted a new hearing on Paul's Rule or that the August 20, 2009 judgment be set aside "for all the reasons set forth above."

At the hearing on Jade's Motion, the trial court determined that the August 20, 2009 judgment was null, observing: "As a procedural matter there is no justice, equity in [Jade's] not having been here last time . . . . She was apparently served August the 5th[,] and we had the hearing August 7th." Later, during the course of the hearing, the trial court reiterated that it was concerned with the fact that Jade was served two days before the hearing. Following the hearing, a judgment annulling the August 20, 2009 judgment and ordering the parties to revert back to the previous judgment but with Paul having additional visitation with the children was signed on December 30, 2009.

Paul appealed the December 30, 2009 judgment, assigning four errors.

## DISCUSSION

### *Motion for New Trial*

In his first assignment of error, Paul complains that Jade's Motion was not filed timely, as La.Code Civ.P. art 1974 requires that motions for new trial be filed seven days, exclusive of legal holidays, of the judgment being signed. Therefore, he contends that the trial court should not have considered her Motion, which was filed sixty days after the August 20, 2009 judgment.

2

Jade admits that her Motion was not filed within the delay provided for by Article 1974 but urges that the trial court appropriately treated it as a petition for nullity as provided in La.Code Civ.P. art. 2004. She asserted in her Motion that she was not given sufficient notice of the August 7, 2009 hearing and requested that if the trial court did not grant her a new trial, it set aside the judgment on Paul's Rule and grant her a rehearing on Paul's motion.

During the hearing on Jade's Motion, the trial court stated that it "nullified" the judgment on Paul's Rule. Comments the trial court made in conjunction with its ruling indicate that it nullified the judgment because Jade did not receive notice of Paul's Motion to Change Custody and the hearing thereon until two days before the hearing. The trial court clarified its ruling in response to a question by Paul's counsel, explaining that "as a procedural matter there is no justice, equity in [Jade] not having been here last time by ruling the way I did."

The trial court's treatment of Jade's Motion as a petition for nullity is sanctioned by jurisprudence construing Articles 853 and 865 of the Louisiana Code of Civil Procedure. Article 853 provides in pertinent part, "Every pleading shall contain a caption setting forth the name of the court, the title and number of the action, and a designation of the pleading," and Article 865 provides, "Every pleading shall be so construed as to do substantial justice." Jurisprudence construing these articles holds that the facts set forth in a pleading, not the caption thereof, govern what relief can be granted pursuant to the pleading. *See, e.g., Watson v. Nelson*, 97-474 (La.App. 3 Cir. 10/29/97), 702 So.2d 1002, *writ denied*, 97-2958 (La 2/6/98), 709 So.2d 738, in which a motion entitled "Motion to Set Aside and to Reconsider Judgment" was construed as an application for new trial and was granted.

3

Pursuant to Article 2004(A), "A judgment obtained by fraud or ill practices may be annulled." An action filed under Article 2004 must be filed within one year of the discovery of the fraud or ill practice at issue. La.Code Civ.P. art 2004(B). Jade's Motion was filed within sixty days of learning of the trial court's judgment. For these reasons, we find no error with the trial court's treating Jade's Motion as a petition for nullity.

***Modification of Custody***

In his second and third assignments of error, Paul contends that the trial court erroneously modified a considered custody award without applying the standard set forth in *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986)[1] and erroneously failed to determine what custody arrangement is in the best interest of his and Jade's children as required by La.Civ.Code art. 134. He attempts to apply a substantive standard to a procedural issue.

The trial court's ruling resulted in Jade regaining custody of her and Paul's children; however, the ruling did not modify a considered custody decree. In nullifying its judgment that changed custody from Jade to Paul, the trial court determined that it should not have considered the merits of Paul's Rule because Jade did not have adequate notice of the hearing on his Rule. Therefore, it nullified, i.e., rendered ineffective, its prior judgment because it was inequitable or unjust to Jade to have considered the merits of Paul's Rule under the circumstances. As a result, no judgment other than the June 25, 2006 consent judgment remained in effect.

For these reasons, these assignments of error are also without merit.

---

[1] In *Bergeron*, the supreme court held that a considered custody decree can only be modified if the evidence shows that the existing custody arrangement is "so deleterious to the child" that it merits a modification of the decree or that "the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child." *White v. Fetzer*, 97-1266, p. 5 (La.App. 3 Cir. 3/6/98), 707 So.2d 1377, 1380, *writ denied*, 98-931 (La. 5/15/98), 719 So.2d 466.

*Reasonable Notice*

In his last assignment of error, Paul urges that the trial court erred in "ruling that [Jade] should have been afforded an order to transport her from jail, by the father who was moving to change custody, so that she could be at the hearing to present 'her defenses.'" He also argues that Jade had sufficient notice of the August 7, 2009 hearing and that she did not have an absolute right to be present at the hearing.

Paul's first argument is directed to the trial court's statements at the hearing that the August 20, 2009 judgment was "null . . . by whatever term you called [sic] it. She needed to be transported. . . . given the delays or lack of delays in this case I am going to nullify the ruling" and "[p]rocedurally, he [sic] has a right to be served and he [sic] has a right to a lawyer and he [sic] has a right for more than two days to be transported." His second argument is directed to Jade's claim in her Motion that service of his Rule on her was insufficient because she was not served at least seventy-two hours before the hearing.

The record shows that Jade was served with Paul's Rule on August 5, 2009, when she was incarcerated in the East Baton Rouge Parish Prison. The Rule included notice of the hearing scheduled for August 7, 2009. Jade asserted in her Motion that she was not "allowed to be released" to attend the hearing on Paul's Rule, "nor was she afforded an opportunity to secure counsel" to represent her at the hearing.

The trial court's statements regarding Jade's "right" to transportation and "right" to counsel at the hearing and Jade's claim that she was entitled to seventy-two hours notice of the hearing on Paul's Rule were incorrect. However, as recognized by Paul in his brief, Jade was entitled to "reasonable notice" of the hearing on his Rule. La.Code Civ.P. art. 2595.

5

Paul urges that two days notice was reasonable. Noting that Jade had time to secure her mother's presence at the hearing, he argues that she had sufficient time to have her mother hire an attorney to represent her at the hearing. The trial court was aware that Jade's mother was present at the August 7, 2009 hearing but determined that service of the Rule two days before the hearing was not reasonable under the circumstances.

A parent's interest in her children and their care, custody, and control is recognized as "perhaps the oldest of the fundamental liberty interests." *Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 2060 (2000). In light of Jade's fundamental interest in the care, custody, and control of her and Paul's children and her incarceration at the time she was served with notice of the hearing on Paul's Rule, we cannot say the trial court's determination that the two-day notice was unreasonable is manifestly erroneous.

Paul cites *Leeper v. Leeper*, 44,777 (La.App. 2 Cir. 9/23/09), 21 So.3d 1006, in support of his claims. The mother in *Leeper* plead guilty to possession of cocaine and was sentenced to six years at hard labor. The second circuit court of appeal determined that the mother was not entitled to appear at the hearing on a rule seeking sole custody of her child filed by the child's father. The court noted that the mother had been absent for most of the child's life and that the father had been the child's primary caregiver since infancy.

The record herein shows that the facts of this case are not parallel to the facts of *Leeper*: 1) Jade had been the domiciliary parent of the children since she and Paul divorced in June 2006 and 2) she was charged with, but not convicted of, a crime when she received notice of the Rule and when the Rule was heard. For these

6

reasons, we find that the holding in *Leeper* is inapposite to this case and does not affect our determination.

## DISPOSITION

The judgment of the trial court is affirmed. The costs of this appeal are assessed to Paul.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules–Courts of Appeal, Rule 2-16.3.