STEWART, J.
|,Landford Anthony Payne is appealing the district court’s judgment dismissing his civil writ of mandamus. For the reasons that follow, we affirm the trial court’s judgment.
FACTS
On June 18, 2013, Landford Anthony Payne, an indigent prisoner at the Louisiana State Penitentiary in Angola, Louisiana, filed a civil writ of mandamus in the 4th Judicial District Court, requesting documents from the Ouachita Parish tax assessor’s office relating to an abandoned home located in Ouachita Parish at 2208-B Short Washington Street. Payne asserted that he inquired about this home because he believed that it was material to his criminal case.
The tax assessor was served with the civil writ of mandamus on July 11, 2013. In this civil writ, Payne asserted that he had a right to be provided with public documents that he alleged were held by the tax assessor for Ouachita Parish. He further alleged that he mailed a request for these documents on or about April 11, 2013, that he never received the requested documents, and that he received no response to his request.
The civil writ of mandamus sought the following information:
1. What date did William J. Robinson lose possession of this home at 2208-B Short Washington Street?
2. Who gained possession of this home after William J. Robinson lost control of it?
3. What date did the new owner gained [sic] control of it?
4. What date this home become [sic] abandoned, and declared unfit for individuals to live?
5. Who was the last known resident to ever live in this house?
6. What date did they start living in the home, and what date did they stop living in this house?
Payne also sought civil penalties for the tax assessor’s alleged failure to respond in accordance with La. R.S. 44:1, et seq.
A hearing on the civil writ of mandamus took place on July 15, 2013, from which Payne was absent. A judgment on the petition for the writ of mandamus dismissing Payne’s claim with prejudice was rendered that same day.
Payne appeals.
LAW AND DISCUSSION
The defendant sets forth four “claims” in his pro se brief:
1. Payne was denied his right to public records by the defendant, the Oua-chita Parish Tax Assessor.
In his first claim, Payne asserts that the tax assessor denied his right to public records by refusing to answer his filed request pursuant to La. R.S. 44:35(A), which states:
*678 A. Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney’s fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
La. R.S. 44:32(D) states:
D. In any case in which a record is requested and a question is raised by the custodian of the record as to whether it is a public | {¡record, such custodian shall within three days, exclusive of Saturdays, Sundays, and legal public holidays, of the receipt of the request, in writing for such record, notify in writing the person making such request of his determination and the reasons therefor. Such written notification shall contain a reference to the basis under law which the custodian has determined exempts a record, or any part thereof, from inspecting, copying, or reproduction.
La. R.S. 47:1903(A), which sets forth the powers and authority of tax assessors, states:
A. The tax assessors shall enumerate and list and assess property as directed in this Chapter and be subject to all the obligations prescribed by law. They shall prepare and have ready their lists showing the valuations asserted by them and lay the same before the tax commission within the time and in the manner prescribed by R.S. 47:1987 and 1988.
In accordance with the powers and authority of the position pursuant to La. R.S. 47:1903, the Ouachita Parish tax assessor, Stephanie Smith, testified that the only records kept and maintained by her office are the tax assessor rolls, and when appropriate, homestead exemption cards. She further testified that the tax assessor maintains no records with regard to possession or residence of any property in Ouachita Parish.
Smith, testified that neither she, nor her staff, ever received Payne’s public records request filed on April 12, 2013. Smith further testified that her initial viewing of his public records request was when Payne attached it to the writ of mandamus that she was served with on July 11, 2013. On July 16, 2013, in accordance with La. R.S. 44:32(D), Smith timely filed and served the opposition and exception in response to Payne’s civil writ of mandamus. She attached tax assessment sheets for the property in question, along with a demolition deed. The demolition deed came from the clerk’s Loffice, and the trial court recognized at the hearing for this civil writ that the documents that Payne requested were not information that the tax assessor would have in her custody. After a careful review of the record, we find the tax assessor did not deny Payne’s right to public records, and filed a sufficient answer to his request pursuant to the relevant law. Therefore, this claim assigned as error is meritless.
2. The plaintiff was denied his right to adequate, effective, and meaningful access to the courts to petition the government for redress of grievances by the defendant, the Ouachi-ta Parish Tax Assessor.
In this claim, Payne asserts that the tax assessor violated his right of access to the courts by denying him access to documents or information needed to give him a reasonably adequate opportunity to present *679 claimed violations of constitutional rights to the court. Even though the tax assessor did not have custody or control of the public documents requested, Payne argues that she had a duty to “promptly certify this in writing to the applicant, and shall in the certificate state in detail to the best of her knowledge and belief, the reason for the absence of the record from her custody and control, its location, what person then has custody of the record and the manner and method in which, and the exact time at which it was taken from his custody and control,” pursuant to La. R.S. 44:34.
As stated in the previous claim, in accordance with the relevant law, Smith timely filed and served the opposition and exception in response to Payne’s civil writ of mandamus on July 16, 2013. Even though Smith did not have the documents specifically requested by Payne, she attached the documents that she did have in her possession, namely, tax assessments for |Bthe property for years 2011-2013. She also courteously provided the June 14, 2011, order for demolition. Further, Smith informed Payne in her opposition and exception to Payne’s civil writ of mandamus that records of ownership of the property in question are available in the Ouachita Parish Clerk of Court’s office in the conveyance and mortgage records division. Therefore, this claim assigned as error is without merit.
3. The trial court erred in its ruling by failing to award the plaintiff civil penalties in accordance with La. R.S. 44:35(E)(1).
Payne asserts that the trial court erred in failing to award him civil penalties pursuant to La. R.S. 44:35(E)(1) because the tax assessor arbitrarily and capriciously withheld the requested records from him, and failed to respond in the time prescribed by La. R.S. 44:35(A). He maintains that the tax assessor produced the documents that were in her possession two months after his request was made, and that this time period was outside of the five days provided for in La. R.S. 44:35(A). La. R.S. 44:35(E)(1) states:
If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requester any actual damages proved by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.
The terms “arbitrarily and capricious” mean willful and unreasoning action, absent consideration and in disregard of the facts and circumstances |fiof the case. However, when there is room for two opinions, an action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed an erroneous conclusion has been reached. Toups v. City of Shreveport, 10-1559 (La.3/15/11), 60 So.3d 1215. An action is arbitrary and capricious if it is without rational basis. Atchison v. Monroe Mun. Fire and Police Civil Service Bd., 46,178 (La.App.2d Cir.5/4/11), 64 So.3d 874.
As stated in the previous claims, Smith’s testimony supports the assertion that the first request the tax assessor’s office received from Payne was the writ of mandamus served on July 11, 2013. Smith timely responded, and attached the documents her office had custody of. Further, she *680 provided the written reasons for not providing the responsive documents pursuant to the relevant law by stating that she did not have custody of them, further stating that records of ownership of the property in question are available in the Ouachita Parish Clerk of Court’s office in the conveyance and mortgage records division. Based on the evidence presented, we find that the tax assessor did not arbitrarily and capriciously withhold the requested records from Payne, and fully complied with the provisions of La. R.S. 44:32. This claim assigned as error is also meritless.
4. The plaintiff was denied his right to a fair and impartial hearing by the Fourth Judicial District Court on July 26, 2018.
In his final claim, Payne asserts that the district court erred in its refusal to allow him to attend the July 26, 2013, hearing.
 |7A prisoner has a right of access to state and federal civil courts. La.Const. Art. 1, § 22; Pollard v. White, 738 F.2d 1124 (11th Cir.1984), cert. denied, 469 U.S. 1111, 105 S.Ct. 791, 83 L.Ed.2d 785 (1985); Leeper v. Leeper, 44,777 (La.App.2d Cir.9/23/09), 21 So.3d 1006. However, this right does not necessarily include the right to be physically present at the trial of a civil suit. Pollard, supra; Leeper, supra. Generally, prisoners who bring civil actions have no right to be personally present in court at any stage of the action. Holt v. Pitts, 619 F.2d 558 (6th Cir.1980); Leeper, supra. Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, among which is the right of a prisoner to plead and manage his action in court personally. Leeper, supra.
It is not unusual for individuals who are incarcerated to be parties to a civil litigation, either as plaintiff or defendant, and a writ of habeas corpus ad testi-ficandum is the means for such individuals to be present in court. Prisoners who are parties to litigation utilize this mechanism to obtain their presence in court. Leeper, supra; Ardoin v. Bourgeois, 2004-1663 (La.App.3d Cir.11/2/05), 916 So.2d 329; Falcon v. Falcon, 07-491 (La.App.5th Cir.12/27/07), 975 So.2d 40, writ denied, 2008-0295 (La.3/28/08) 978 So.2d 311.
The determination of whether a prisoner-party in a civil action should appear personally in court for the trial of the action rests in the discretion of the trial court. Leeper, supra; Ballard v. Spradley, 557 F.2d 476 (5th Cir.1977).
1 ¡¡Jurisprudence has determined that prisoners do not have a fundamental right to be present in court for a civil matter, but that a writ of habeas corpus ad testifi-candum is the means for prisoners to be present in court. Here, Payne did not file a writ of habeas corpus ad testificandum. Therefore, he did not take the proper steps to ensure his presence at the hearing regarding his writ of mandamus, and cannot now assign his absence at the hearing as error. Therefore, this claim that Payne assigns as error is meritless.
CONCLUSION
For the reasons expressed, we affirm the judgment of the trial court. Costs of this appeal are assessed against the plaintiff, Landford Anthony Payne.
AFFIRMED.