MADELEINE M. LANDRIEU, Judge.
|TIn this appeal, Lawrence Pittman seeks review of the district court’s judgment dismissing his petition for writ of mandamus. For the following reasons, we affirm.
FACTS AND PROCEEDINGS BELOW
Mr. Pittman, a pro se litigant, filed a petition in Civil District Court on January 31, 2011, requesting that a writ of mandamus be issued compelling Lynette Conerly, a court reporter in Criminal District Court, to provide Mr. Pittman with a copy of the reasonable doubt jury instruction from his 1989 criminal trial. The petition was filed against the Orleans Parish District Attorney Leon Cannizzarro, the State of Louisiana and Criminal District Court Judge Benedict Willard. Attached to Mr. Pittman’s petition was a 1997 order signed by Criminal District Court Judge Sharon Hunter ordering Mrs. Conerly to provide Mr. Pittman with a copy of the jury instructions given in Mr. Pittman’s criminal trial.
The trial court ordered that the matter be heard on briefs only because Mr. Pittman is incarcerated. None of the defendants filed a brief. On July 15, 2011, |2the trial court rendered judgment finding that it had no jurisdiction and dismissing the case with prejudice. This appeal followed.
DISCUSSION
On appeal, Mr. Pittman first argues that the trial court had jurisdiction to issue a writ of mandamus ordering the public officials named in his petition (Lynette Conerly, Judge Willard, and the District Attorney) to perform their ministerial duties.
Unlike every other parish in Louisiana, in Orleans Parish the jurisdiction of the district courts is split between civil and criminal matters. La. R.S. 13:1137 and 13:1336. The Orleans Parish civil district courts have the “same civil jurisdiction as the district courts throughout the state, except as otherwise provided by law.” La. R.S. 13:1137. The Orleans Parish criminal district courts have “exclusive jurisdiction of the trial and punishment of all crimes, misdemeanors, and offenses committed within the Parish of Orleans if the jurisdiction is not vested by the law in some other court.” La. R.S. 13:1336. As this Court has stated: “It is well settled that a judge of the Civil District Court has no jurisdiction over a judge of the Criminal District Court while he is acting in his official capacity.” Angelico v. Cannizzaro, 543 So.2d 1064, 1067 (La.App. 4 Cir.1989).
*341 In accordance with these statutes, we find that the Civil District Court lacked jurisdiction over Judge Willard, a Criminal District Court judge. The trial court correctly dismissed the petition for writ of mandamus against Judge Willard on the grounds of lack of jurisdiction.
| .-Although there is no statutory prohibition against the Civil District Court possessing jurisdiction to issue a -writ of mandamus to the court reporter, Lynette Conerly, or the District Attorney,[1] we conclude that the dismissal of the petition for writ of mandamus against those defendants was proper for other reasons.
With regard to the court reporter, we find that a writ of mandamus is not the appropriate remedy by which the plaintiff may legally seek relief under these circumstances. “Mandamus is a writ directing a public officer ... to perform any of the duties set forth in Articles 3863 and 3864.” La. C.C.P. art. 3861. A writ of mandamus is an extraordinary remedy. Henderson v. Bigelow, 2007-1441, p. 3, (La.App. 4 Cir. 4/9/08), 982 So.2d 941, 943 n. 3. As such, the writ may be issued only in cases where “the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice.” La. C.C.P. art. 3862. In this case, Mr. Pittman attached an order dated January 30, 1997, directing Mrs. Conerly to prepare a transcript of the jury instructions from Mr. Pittman’s criminal trial. La. C.C.P. art. 224 provides that a person may be held in contempt of court for the willful disobedience of a court order. La. C.C.P. art. 225 provides that a contempt proceeding may be instituted by the filing of a motion for contempt. Because the law provides relief by ordinary means under these circumstances, a writ of mandamus directing Mrs. Conerly to perform would not be an appropriate remedy in this case.
|4With regard to the District Attorney, the plaintiff has cited no law, nor do we find any, that imposes a duty upon the District Attorney to provide a transcript of jury instructions to the defendant in a criminal trial once the trial had ended. As there is no ministerial duty to be performed by the District Attorney in this instance, the issuance of a writ of mandamus would not be proper.
Accordingly, we conclude that the trial court did not err by dismissing the plaintiff’s petition for writ of mandamus.
CONCLUSION
For the reasons stated, we affirm the judgment of the trial court.
AFFIRMED

. The court reporter and the district attorney are not in the same position as a judge. See Angelico, supra, 543 So.2d at 1067.