SUSAN M. CHEHARDY, Judge.
12PIaintiff, Louis Boyd, in proper person, appeals from a decision of the trial court granting summary judgment in favor of defendant, the St. Charles Herald Guide, dismissing plaintiffs suit against it with prejudice. For the reasons that follow, we affirm the decision of the trial court.
On November 14, 2008, law enforcement officers executed a search warrant for a residence located in New Sarpy, Louisiana. The officers seized a quantity of crack cocaine, six pills identified as carisoprodol, a pistol, and two pit bulldogs. Thereafter, Boyd was arrested for the following offenses: (1) possession of a schedule II controlled dangerous substance, to wit: crack cocaine over 28 grams; (2) possession with intent to distribute a schedule II controlled dangerous substance, to wit: crack cocaine; (8) possession of a firearm while in possession of a controlled dangerous substance; (4) possession of a firearm by a convicted felon; (5) possession of a legend drug, to wit: carisoprodol; and (6) cruelty to animals. Boyd’s case subsequently was transferred to federal court, where he was indicted on federal drug and firearms charges. Mr. Boyd ultimately was convicted by a jury of several federal charges and was sentenced to twenty-five years.
On November 16, 2009, Mr. Boyd filed a “Suit for Deformation [sic]”, naming as defendants three newspapers — The Times-Picayune, L’Observateur, and the St. Charles Herald Guide — as well as Major Sam Zinna of the St. Charles Parish Sheriffs Office. In his petition, Boyd alleged that the defendants “in unison concocted a story that property confiscated at 736 East Easy Street was ‘believed’ to be stolen during Hurricane ‘Gustav’ and/or acquired through items being traded for drugs.” Boyd further alleged, “Defendants made unsuitable statement and no proof of the times displayed in their newspapers was stolen or traded for drugs as the article proclaimed, [sic]”
Mr. Boyd amended his petition on August 13, 2010 to add Detective Erick Brass *958 as a defendant and to attach copies of the newspaper articles forming the basis for his suit. The articles in The Times-Picay-mie and L’Observateur contain quotes from Major Zinna stating that the police believed that goods had been stolen from vacant houses during Gustav and/or that plaintiff traded drugs for the stolen goods. However, the report of defendant’s arrest in the “Sheriffs Reports” column in the St Charles Herald Guide [1] does not contain such quotes.
After the filing of its answer, Herald-Guide filed a motion for summary judgment, which was granted by the trial court on February 27, 2012. Mr. Boyd appeals from this judgment of the trial court that dismissed his suit against Herald-Guide.
A motion for summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). While the initial burden of proof remains with the mover to show that no genuine issue of material fact exists, if the mover has made a prima facie showing that the motion | ¿should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. La. C.C.P. art. 966(C)(2); Joseph v. Crossing II, L.L.C., 06-10, p. 4 (La.App. 5 Cir. 6/28/06), 934 So.2d 875, 877. Once a motion for summary judgment has been properly supported by the moving party, the non-moving party’s failure to come forth with any competent evidence to show there is a material factual dispute dictates the granting of the motion. La. C.C.P. art. 966(C); Darr v. Marine Electronics Solutions, Inc., 11-908, p. 13 (La.App. 5 Cir. 5/22/12), 96 So.3d 527, 535.
Appellate courts review a judgment granting or denying a motion for summary judgment de novo. Phipps v. Schupp, 09-2037, p. 5 (La.7/6/10), 45 So.3d 593, 597. Appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Id.
In his defamation suit, Mr. Boyd alleges that the defendants, “in unison,” made up a story that the property confiscated at his house was believed to be stolen during Hurricane Gustav and/or acquired through trading for drugs. Boyd contended that there was no proof to support these allegations, and that these published statements were “unsuitable” and defamed his character.
Herald-Guide, in its motion for summary judgment, contended that it did not publish the statements that form the basis of Mr. Boyd’s suit. Instead, its report contains only the true statement that Boyd was arrested, and lists the offenses with which he was charged. In support of the motion, Herald-Guide attached the newspaper article cited by Boyd (the same article Boyd attached to his petition), a copy of the search warrant and the arrest report, and documentation of Boyd’s federal conviction and sentence. A reading of the article in the St. Charles Herald \jGuide shows that it makes no mention of stolen goods, Hurricane Gustav, or trades for drugs. In its entirety, the reference to Boyd’s arrest states as follows:
Louis Boyd, Jr., 53, of 736 East Easy St. in New Sarpy, was arrested on Nov. 18 *959 and charged with possession of and possession with intent to distribute crack cocaine, possession of a firearm while in possession of crack cocaine, possession of carisoprodol, possession of a firearm by a convicted felon and simple cruelty to animals.
Mr. Boyd, in his opposition to the motion for summary judgment, made only general allegations and did not include any evidence to dispute Herald-Guide’s proof that it did not make the statements as alleged by Mr. Boyd. Mr. Boyd further contended that there was a second article published in the St. Charles Herald Guide, but he offered no support for this contention.
Considering the undisputed facts as presented by Herald-Guide, namely that it did not publish the statements as alleged by Mr. Boyd, we find no error in the trial court’s ruling granting summary judgment in favor of the St. Charles Herald Guide, dismissing it from Mr. Boyd’s suit with prejudice.
In his brief to this Court, Mr. Boyd also contends that the trial court erred in denying his writ of habeas corpus, in which he sought to be physically present at the hearing on his motion for summary judgment.
In Leeper v. Leeper, 44,777, pp. 6-7 (La.App. 2 Cir. 9/23/09), 21 So.3d 1006, 1010, the court noted that a prisoner’s right of access to state and federal courts does not necessarily include the right to be physically present at the trial of a civil suit, and that the trial court is given discretion in the determination of whether a prisoner-party in a civil action should appear personally in court for the trial of the action.
Here, the trial court denied Mr. Boyd’s writ of habeas corpus, finding that his presence was not required because he had filed a memorandum in opposition to | fithe motion, the court had ordered that the matter was to be submitted by briefs only, and live testimony was not permitted at hearings on motions for summary judgment. We cannot say that the trial court abused its discretion in denying the writ of habeas corpus.
Finally, Mr. Boyd contends that the trial court “assisted” defendants Sam Zinna and Erik Brass by granting them summary judgment even though they did not file a motion. However, the judgment on appeal herein makes no mention of these persons.
After careful consideration, we find no merit to Mr. Boyd’s contentions. Accordingly, the judgment of the trial court that granted summary judgment in favor of the St. Charles Herald Guide (a/k/a Herald-Guide Publishing, L.L.C.) and dismissed Mr. Boyd’s suit against it, is affirmed. The parties are to bear their own costs.

AFFIRMED

. The St. Charles Herald Guide newspaper is owned and published by Herald-Guide Publishing, L.L.C., which is the proper name of the party defendant. We refer to the party as "Herald-Guide” and refer to the newspaper itself as the St. Charles Herald Guide.