EDWIN A. LOMBARD, Judge.
_jjThe Appellant, Phillip Monroe, seeks review of the July 23, 2013 judgment of the district court rendered after it conducted an ex parte hearing on Mr. Monroe’s public records request. Finding that district court did not err in conducting it’s hearing we affirm.
Facts & Procedural History
On July 11, 2011, Mr. Monroe sought public records from the Superintendent of the New Orleans Police Department (“NOPD”), Roñal Serpas (“Supt. Serpas”), pertaining to his criminal case. Mr. Monroe alleges that the NOPD failed to honor his request. Consequently, he filed a petition for a writ of mandamus and civil penalties alleging that the request had been made and that he was seeking the estimated costs for the copies of the requested police reports. The district court did not act upon Mr. Monroe’s petition, *356 and thus he filed a supervisory writ application.
On October 8, 2012, in writ application no. 2012-1325, this Court ordered the district court to determine the status of Mr. Monroe’s case. After ordering the parties to submit arguments on briefs only, on December 7, 2012, the district court denied relief to Mr. Monroe, who appealed the judgment.
|2On June 19, 2013, we held, in case no. 2013-CA-259, that Mr. Monroe was entitled to relief, and vacated the district court’s December 7, 2012 ruling. The matter was remanded back to the district court to make the writ of mandamus peremptory and order Supt. Serpas to inform Mr. Monroe of the cost of the copies of records that he requested. Additionally, the district court was directed to consider taxing the cost of the proceedings against Supt. Serpas. Lastly, the district court was ordered to hold a contradictory hearing to determine whether Supt. Serpas’ refusal to respond was arbitrary or capricious.
On June 24, 2013, Supt. Serpas was ordered by the district court to notify Mr. Monroe of the cost of the copies of the records he requested or show cause on July 19, 2013, why the cost of the copies should not be provided. Moreover, the district court ordered him to show cause on July 19, 2013, as to why it should not consider taxing the costs of the proceedings in compliance with this Court’s remand instructions, and whether Supt. Ser-pas’ refusal to respond to Mr. Monroe’s public record request was arbitrary and capricious. Lastly, the district court ordered that Mr. Monroe’s arguments be made by briefs only; however, Supt. Ser-pas was ordered to personally appear at the hearing.
Mr. Monroe filed a motion requesting to appear at the hearing as well as “written oral argument” as to why he should be granted civil penalties. The district court denied Mr. Monroe’s motion to appear on July 16, 2013. Supt. Serpas and the NOPD filed a response to the rule to show cause and a Peremptory Exception of No Cause of Action. The City Attorney’s Office mailed the requested documents to Mr. Monroe on July 19, 2013.[1]
3At the July 19, 2013 hearing, the district court held that: the NOPD’s Peremptory Exception of No Cause of Action is granted and that Mr. Monroe’s claims be dismissed with prejudice, with each party bearing it’s own costs; and Supt. Serpas did not act arbitrary and capriciously by failing to comply with Mr. Monroe’s request for the records; thus, Mr. Monroe’s civil penalties request was denied. The judgment was signed on July 23, 2013. As a result, Mr. Monroe timely appealed the district court’s judgment and raises five assignments of error:
1. The district court abused its discre- , tion in conducting an ex parte hearing when it was ordered to hold the appropriate contradictory hearing on remand.
2. He was denied due process by not being allowed to attend the contradictory hearing ordered by this Court to present facts, evidence, and testimony contradictorily in favor of the Petition for Enforcement and Sanctions.
3. The district court abused its discretion in holding an ex parte rule to show cause hearing instead a contra *357 dictory hearing ordered by this Court.
4. He should not have to bear his own costs as the prevailing party.
5. There has been an arbitrary and capricious withholding of public records because he has yet to receive the documents he requested.
Standard of Review
In civil cases, we apply the manifest error standard of review to the trier of fact’s factual findings. See Hall v. Folger Coffee Co., 03-1734, p. 9 (La.4/14/04), 874 So.2d 90, 98. In order to reverse the findings of a trier of fact, “an appellate court must undertake a two-part inquiry: 1) the court must find from the record that a reasonable factual basis does not exist for the finding of the trier of fact; and 2) the court must further determine that the record establishes the finding is clearly wrong.” Harold A. Asher, CPA, LLC v. Haik, 12-0771, p. 4 (La.App. 4 Cir. 4/10/13), 116 So.3d 720, 723-724. When there are two permissible views of the evidence, the trier of fact’s choice between them cannot be manifestly erroneous. See Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). The manifest error standard of review also applies to mixed questions of law and fact. See Brasseaux v. Town of Mamón, 99-1584, pp. 7-8 (La.1/19/00), 752 So.2d 815, 820-821.
Contradictory Hearing
We combine our discussion of the first and third assignments of error as they both pertain to the same issue. Mr. Monroe argues that the district court erred in holding an ex •parte rule to show cause hearing instead of the contradictory hearing that was ordered. Mr. Monroe argues that the district court was ordered to hold a contradictory hearing by this Court, but it failed to do so. The purpose of the contradictory hearing was to determine whether Supt. Serpas arbitrarily or capriciously withheld the requested documents or unreasonably or arbitrarily failed to respond to his request as required by La.Rev.Stat. 44:32. Mr. Monroe cites to La.Rev.Stat. 44:35(E)(1), which states in pertinent part:
If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by LSA R.S. 44:32, it may , award the requester any actual damages proven by him to have resulted from the actions of the custodian ...
Mr. Monroe argues he could not “prove” his damages because he was not allowed to attend the hearing.
In response, Supt. Serpas argues that he did not act arbitrarily or capriciously because he never received Mr. Monroe’s public records request that was allegedly made on July 11, 2011, and was never served with the writ of mandamus. Supt. Serpas asserts that an NOPD’s Records and Identification Division employee signed an affidavit attesting to the fact that the division never received a request from Mr. Monroe. Further, there was no documentation to evidence that the | .¡request was received. Thus, because a request was not received, Supt. Serpas argues he could not have acted arbitrarily or capriciously.
Mr. Monroe asserts in assignments of error one and three that the district court abused its discretion in conducting an ex parte hearing when it was ordered to hold the appropriate contradictory hearing on remand. He further avers that because there was no contradictory hearing he was unable to establish that Supt. Serpas acted arbitrarily and capriciously in withholding the requested records. We note that Mr. Monroe filed a motion to appear that was *358 subsequently denied by the district court. This Court addresses in more detail the trial court’s ruling on the motion to appear with our analysis of assignments two and four.
Mr. Monroe argues that because the contradictory hearing was not held he was unable to prove his case. Supt. Serpas argues that he had no opportunity to act arbitrarily and capriciously because he never received notice of the requests made by Mr. Monroe. The affidavit that was presented by the NOPD serves as evidence that Supt. Serpas was unaware of any request made by Mr. Monroe. Mr. Monroe relies upon La.Rev.Stat. 44:35(D) in arguing that if it is found that Supt. Serpas acted arbitrarily and capriciously by failing to respond to his request, he may be awarded damages as a direct result of Supt. Serpas’ actions. Here, Mr. Monroe asserts that he made requests to Supt. Serpas to produce the documents; however, if Supt. Serpas did not receive the requests then he could not have acted arbitrarily and capriciously. Despite the fact that the remand instructions were not followed, we find that the district court did not err in finding that Supt. Serpas did not act arbitrarily and capriciously in withholding records requested by Mr. Monroe.
IfiDue Process & Costs
Here we combine our discussion of the second and fourth assignments of error as they are related. The second assignment of error that Mr. Monroe raises is that he was denied due process by not being allowed to attend the contradictory hearing ordered by this Court to present facts, evidence, and testimony contradictorily in favor of his Petition for Enforcement and Sanctions. Further, he avers that NOPD’s Peremptory Exception of No Cause of Action was granted and his claims were dismissed with prejudice, each party bearing it’s own costs. Mr. Monroe argues that because he was precluded from attending the hearing, a decision was made by the district court for reasons unknown to him.
Moreover, he avers that because he was granted the documents he sought he is entitled to costs for litigation. He relies upon La.Rev.Stat. 44:35(D), in pertinent part:
If a person seeking the right to inspect or to receive a copy of public record prevails in such suit, he shall be awarded costs of litigation.
He further argues that the district court erred in ruling that the prevailing party should have to bear his own costs. Mr. Monroe argues that the district court abused its discretion. Mr. Monroe requested records from the NOPD, which they failed to respond to his request.
Supt. Serpas asserts that Mr. Monroe’s due process rights were not violated by the Court allowing him to respond to the rule to show cause hearing by brief. Supt. Serpas cites to Ballard v. Spradley, 557 F.2d 476, 480 (5th Cir.1977), wherein the U.S. Fifth Circuit outlined the four factors considered to determine if an inmate may be present at trial. Those factors are: 1. Whether the prisoner’s presence will substantially further the resolution of the case; 2. The security risks presented by |7prisoner’s presence; 3. The expense of the prisoner’s transportation and safe keeping; and 4. Whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.
In addition, he further relies upon Conwill v. Greenberg Traurig, L.L.P., 2012 WL 5288749 (E.D.La. Oct. 24, 2012). In Conwill, the Eastern District applied the Ballard factors and held that in-person testimony was not needed because the plaintiff, who was a prisoner, was afforded the opportunity to be heard via video-conference.
*359 Supt. Serpas asserts that Mr. Monroe was afforded the opportunity to be heard by responding in a brief as opposed to appearing in court. Moreover, he asserted there was no need for the hearing to be held at a later date. Thus, the district court correctly concluded that Mr. Monroe’s due process rights were not violated when he was ordered to respond by brief.
Supt. Serpas asserts that the district court properly found that he was not liable for Mr. Monroe’s costs for litigation because he acted in good faith by producing the records free of charge. He contends that he timely produced the records after he was notified of Mr. Monroe’s request for the documents.
Supt. Serpas cites to Dwyer v. Early, 02-1545 (La.App. 4 Cir. 03/12/03), 842 So.2d 1124, wherein our Court held that the granting of awards for attorney’s fees and costs is within the discretion of the trial judge and are only appropriate upon a determination that the custodian of records acted arbitrarily, capriciously, or unreasonably. Also, the district court looked to the totality of the circumstances. Supt. Serpas avers that because he never received the request for the records, and was never served-with Mr. Monroe’s Writ of Mandamus he did not act in such a way.
IsSecond, he argues that the records of the Orleans Parish Civil Sheriff reflect that he was not served with a writ of mandamus, and request for'civil penalties because the writ would have been served upon the Mayor, acting Mayor, or City Attorney on November 9th, or on November 13th.
Considering Mr. Monroe’s argument that he was denied due process by not being allowed to attend the hearing and that there is no legal authority cited to support his position, we examine the reasoning applied by the Fifth Circuit in Ballard, supra. In Ballard, eight inmates who were incarcerated filed a Civil Rights Act lawsuit against Florida prison officials where the district court determined that the presence of the prisoner’s was necessary to the conduct of the a non jury trial on their complaints. 557 F.2d. at 478. Subsequently, the district court judge issued writs of habeas corpus ad testifican-dum to have Florida deliver six prisoners into the custody of the United States Marshal Service, so that they could testify. Id. at 479. The United States Marshal Service filed an appeal from the district court’s order and moved for stay, in which the district court granted. Id. On appeal, the Fifth Circuit affirmed the district court’s issuance of the writs, and therein applied four factors in determining whether in court appearance of the prisoner’s was necessary. Id. The four factors were applied in order to determine if a Plaintiffs due process rights were violated if he was precluded from an inmate attending the hearing. Those factors include: 1. Whether the prisoners presence will substantially further the resolution of the case; 2. The security risks presented by the prisoner’s presence. Security concerns are always at issue in the transfer of a prisoner; 3. The expense of the prisoner’s transportation and safekeeping; and 4. Whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted. Id. at 480-81.
|flIn the instant matter, Mr. Monroe was allowed to submit his argument via brief which allowed him to further the resolution of the case at hand. Further, because Mr. Monroe is a prisoner the Court is allowed, at its discretion, to determine if Mr. Monroe’s presence is needed when it pertains to the costs to transport the prisoner, and whether there would be security concerns. Additionally, in Taylor v. Broom, (La.App. 1 Cir. 5/17/88), 526 So.2d 1367, the First Circuit held that because of *360 security reasons a prisoner’s due process rights do not include the right to be physically present at the trial of the civil suit. Regarding the fourth factor, we are unaware of the terms of Mr. Monroe’s imprisonment and whether the suit could have been stayed until he was released. Here, although Mr. Monroe was not present at the hearing he was still afforded the opportunity to present his argument via submission of a brief. The majority of the factors listed above all apply to Mr. Monroe because of his status as a prisoner, therefore, those factors can be taken into consideration by the district court in determining if his presence is needed. Broom states that because of security reasons and because a prisoner’s due process rights do not include the right to be physically present at the trial of a civil suit, therefore, Mr. Monroe’s due process rights were not denied. The district court allowed Mr. Monroe to submit his argument via brief, which is a sufficient method of expressing himself and presenting an argument on his behalf. For the reasons in stated in Con-will, Ballard, and Taylor, we find that Mr. Monroe’s due process rights were not denied. This argument does not have merit.
Regarding Mr. Monroe’s assertion that he should not have to bear his own costs as the prevailing party, he argues that when it can be proven that an abuse of discretion existed he, as the prevailing party, is entitled to costs of litigation. We disagree. Under La.Rev.Stat. 44:35(D) a party seeking the right to inspect or to 110receive a copy of a public record, who prevails in such a suit, shall be awarded costs of litigation. However, according to La.Rev.Stat. 44:35(A)[2], a person may only recover costs when they have been denied the right to inspect or copy a record. The district court reasoned that Supt. Serpas did not purposefully deny Mr. Monroe the right to inspect or copy the requested documents. Further, Supt. Serpas provided the actual documents to Mr. Monroe free of charge, and was not found to have acted arbitrarily and capriciously. Additionally, all of Mr. Monroe’s filings were made in forma pauperis; thus, he did not incur costs. Therefore, we find Mr. Monroe’s argument is without merit.
Requests for Records
The final assignment of error that Mr. Monroe raises is that there was an arbitrary and capricious withholding of public records in that he has yet to receive the documents even after Supt. Serpas was ordered to produce them. Mr. Monroe argues that after he made the request for the copy of the records Supt. Serpas still failed to send the requested copies and acted without good faith. Thus, Supt. Ser-pas’ actions are manifestly arbitrary and capricious and civil sanctions are appropriate. As explained above, we do not find that Supt. Serpas acted arbitrarily or capriciously. Additionally, the record reflects that the City Attorney’s Office mailed a police report and a crime lab report on behalf of Supt. Serpas to Mr. InMonroe via certified mail on July 19, 2013. Further, the certified mail receipt was signed on July 22, 2013, indicating that a prison employee received the rec *361 ords.on that day. Once Supt. Serpas complied with the district court’s instructions, the documents were no longer in his possession. For these reasons, Mr. Monroe’s argument is without merit.
DECREE
For the foregoing reasons, the judgment of the district court in favor of Phillip Monroe is affirmed.
AFFIRMED.

. In a letter dated July 25, 2013, the City Attorney’s Office advised the district court that the requested documents were sent via certified mail to Mr. Monroe, and enclosed a copy of the certified return receipt.

. La.Rev.Stat. 44:35(A) provides:
Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney’s fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.