JOY COSSICH LOBRANO, Judge.
|, This is a public records request dispute, in which the plaintifi/appellant, Tyr-onne [1] Wells (“Wells”), appeáls the December 4, 2015 judgment of the Civil District Court for the Parish of Orleans (the “district court”), dismissing the mandamus proceedings brought by Wells for lack of jurisdiction.
On September 8, 2004, Wells was convicted by a jury of aggravated robbery and was subsequently adjudicated a fourth felony offender. On December 9, 2004, Wells was sentenced as a multiple offender to 40 years at hard labor without benefit of probation, parole or suspension of sentence, and with credit for time served. On August 3,[1]2005, Wells’ conviction was affirmed, as amended,[2] by this Court, and his application for writ of review was denied by the Louisiana Supreme Court. State v. Wells, unpub., 2005-0334 (La.App. 4 Cir. 8/3/05, 915 So.2d 1050), writ denied, 2005-2569 (La.6/14/06), 929 So.2d 1267.
In his criminal case, Wells commenced filing a series of post-conviction requests for document production beginning in 2006 and continuing until- the ^present time. *285 He also filed an application for post-conviction relief, which was denied by the district court on February 22, 2008. This Court found no error in the district court’s judgment. State v. Wells, unpub., 2009-1382 (La.App. 4 Cir. 10/22/09). Wells is currently incarcerated.
On August 5, 2015, Wells, in proper person, filed an application for writ of mandamus in the Civil District Court naming the Criminal District Court of Orleans Parish Section “L,” court reporter Dawn Plaisance (“Plaisance”), former judge Terry Alarcon, current presiding Judge Franz Zibilich (“Judge Zibilich”), and the Orleans Parish District Attorney’s Office as defendants. Wells alleges that, in his criminal case, he requested and paid for numerous documents and that his requests for production of documents were denied. He concedes that "each of these requests was filed in and/or adjudicated by the Criminal District Court of Orleans Parish (“criminal court”) and reviewed by this Court on applications for supervisory writs.’
On October 15, 2015, the district court ordered that a contradictory hearing be held on the briefs only but denied Wells’ request for a unit 'of habeas corpus ad testificadum and his request for appointment of counsel.
On November 23, 2015, the criminal court, Judge Zibilich, and Plaisance (collectively “appellees”) filed a response to the mandamus action, arguing that Judge Zibi-lich-provided Wells with all of the documents he requested with the exception of the transcript of the jury voir dire from Wells’ mistrial in 2004, a |3mistrial which took place before Wells’ 2004 conviction.[3] The appellees argued that the voir dire is untranscribed, is not a public record, that Wells failed to pay for the transcript, and that the transcript is not relevant to any grounds on which Wells could seek post-conviction relief. Together with their response, the appellees also filed an exception of no cause of action.
On December 4, 2015, the district court heard the mandamus action on the briefs without oral argument. On the same date, the district court rendered judgment dismissing the mandamus action in its entirety with prejudice at Wells’ expense, the district court finding that it had no jurisdiction over this matter. This appeal followed.
Wells raises three main issues on appeal: (1) whether the district court erred by rendering judgment on the briefs and denying an in-court hearing; (2) whether the district court erred in finding that it had no jurisdiction over the mandamus proceedings; and (3) whether Wells is entitled to civil penalties under the public records law.
 We first address. whether the district court erred by denying Wells’ request to be present in court for a contradictory hearing. A mandamus proceeding brought under the public records law is a civil action. See Landis v. Moreau, 2000-1157, p. 8 (La.2/21/01), 779 So.2d 691, 696. “The determination of whether a prisoner-party in a civil action should appear personally in court for the trial of the action rests in the discretion of the trial court.” Payne v. Ouachita Par. Tax Assessor Custodian of Records, 49,116, p. 7 (La.App. 2 Cir. 7/9/14), 146 So.3d 675, 680 (citing Leeper v. Leeper, 44,777, p. 7 (La.App. 2 Cir. 9/23/09), 21 So.3d 1006, 1010-11; Ballard v. Spradley, 557 F.2d 476 (5th Cir.1977)). Thus, we must determine whether the district court abused its dis *286 cretion in denying the writ of habeas corpus ad testificadum. See Boyd v. Times Picayune, 2012-0375, pp. 5-6 (La.App. 5 Cir. 11/27/12), 105 So.3d 956, 959.
As the Second Circuit explained in Beeper:
A prisoner has a right of access to' state •and federal civil courts. La. Const, art. 1, § 22; Pollard v. White, 738 F.2d 1124 (11th Cir.1984), cert. denied, 469 U.S. 1111, 105 S.Ct. 791, 83 L.Ed.2d 785 (1985); Taylor v. Broom, 526 So.2d 1367 (La.App. 1st Cir.1988). However, this right does not necessarily include the right to be physically present at the trial of a civil suit. Pollard, 738 F.2d at 1125; Jones v. Phelps, 374 So.2d 144 (La.App. 1st Cir.1979); Taylor v. Broom, supra. Generally, prisoners who bring civil actions have no right to be personally present, in court at any. stage of the action. Holt v. Pitts, 619 F.2d 558 (6th Cir.1980). Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, among which- is the right of a prisoner to plead and manage his action in court personally. Price v. Johnston, 334 U.S. 266, 285-86, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948), overruled on other grounds by McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).
Leeper, 44,777 at p. 6, 21 So.3d at 1010.
This Court has applied the four-factor test set forth by the U.S.' Fifth Circuit to determine if an inmate may be physically present at a hearing or trial of a civil action. Monroe v. New Orleans Police Dep’t, 2014-0233, pp. 8-9 (La.App. 4 Cir. 9/17/14), 150 So.3d 354, 359-60 (citing Ballard, 557 F.2d at 480-81). Those factors are: (1) whether the inmate’s presence will substantially further the resolution of the case; (2) the security risks presented by the inmate’s presence; (3) |Bthe expense of the inmate’s transportation and safe keeping; and' (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Id. •
In Monroe, this Court set forth its analysis as follows:
In the instant matter, Mr. Monroe was allowed to submit his argument via brief which allowed him to further the resolution of the case at hand. Further, because Mr. Monroe is a prisoner the Court is allowed, at its discretion, to determine-if Mr. Monroe’s presence is needed when it pertains to the costs to transport the prisoner, and whether there would be security concerns. Additionally, in Taylor v. Broom, (La.App. 1 Cir. 5/17/88), 526 So.2d 1367, the First Circuit held that because of security reasons a prisoner’s due process rights do not include the right to be physically present at the trial of the civil suit, Regarding the fourth factor, we are unaware of the terms of Mr. Monroe’s imprisonment and whether the suit could have been stayed until he was released. Here, although Mr. Monroe was not present at the hearing he was still afforded the opportunity to present his argument Ada submission of a brief. The majority of the factors listed above all apply to Mr. Monroe because of his status as a prisoner, therefore, those factors can be taken into consideration by the district court in determining if his presence is neéded. Broom states that because of security reasons and because a prisoner’s due process rights do not includé the right to be physically present at the trial of a civil suit, therefore, Mr. Monroe’s due process rights were not denied. The district court allowed Mr. Monroe to submit his argument via brief, which is a sufficient method of expressing himself and presenting an *287 argument on his behalf. For the reasons in [sic] stated in Conwill, Ballard, and Taylor, we find that Mr. Monroe’s due process rights were not denied. This argument-does not have merit.
Monroe, 2014-0233 at p. 9, 150 So.3d 359-60.
We find no basis on which to distinguish Monroe from this case. We also find the Second Circuit’s reasoning in Leeper to be persuasive. The district court did not abuse its discretion by denying the writ of habeas corpus ad testifica-dum and in holding a contradictory hearing of the mandamus action on the briefs.
|fiWe next turn to the question of whether the district court erred in finding that it lacked jurisdiction over the mandamus action brought by Wells. While the district court’s factual findings are subject to appellate review for manifest error, “jurisdiction itself is a question of law subject to de novo review.” Cannizzaro ex rel. State v. Am. Bankers Ins. Co., 2012-1455, p. 3 (La.App. 4 Cir. 7/10/13), 120 So.3d 853, 856 (citing Winston v. Millaud, 2005-0338, p. 5 (La.App. 4 Cir. 4/12/06), 930 So.2d 144, 149). On questions of law, the appellate court “gives no special weight to the findings of the district court, but exercises its constitutional duty to review questions of law and renders judgment on the record.” Id. (internal citations omitted.) “Thus, in such cases, appellate review of questions of law is simply whether the trial court was legally correct or legally incorrect.” Id.
This Court has acknowledged the unique jurisdictional split of Orleans Parish district courts, as follows:
Unlike every other parish in Louisiana, in Orleans Parish the jurisdiction of the district courts is split between civil and criminal matters. La. R.S. 13:1137 and 13:1336. The Orleans Parish civil district courts have the “same civil jurisdiction as the district courts throughout the state, except as otherwise provided by law.” La. R.S. 13:1137.- The Orleans Parish criminal district courts have “exclusive jurisdiction of the trial -and punishment of ■ all crimes, ■ misdemeanors, and offenses committed within the Parish of Orleans if the jurisdiction is not vested by the law in some other court.” La. R.S. 13:1336.- As this Court has stated: “It is well settled that a judge of the Civil District Court has no jurisdiction over a judge of the Criminal District Court while he is acting in his bfficial capacity.” Angelico v. Cannizzaro, 543 So.2d 1064, 1067 (La.App. 4 Cir.1989).
State ex rel. Pittman v. Conerly, 2012-0468, p. 2 (La.App. 4 Cir. 9/12/12), 100 So.3d 339, 340.
|7Pursuant to La. R.S. 13:1137 and 13:1336, Orleans Parish civil district courts, including the district court from which this appeal lies, lack jurisdiction over criminal proceedings. The district court herein also has no jurisdiction to review acts of the Criminal District Court. Connick v. Ward, 351 So.2d 250, 252 (La.App. 4 Cir.1977). Nevertheless, the district court is vested with jurisdiction to adjudicate civil proceedings for a writ of mandamus under the public records law. See La. R.S. 13:1137; La. R.S. 44:35; Landis, 2000-1157 at p. 8, 779 So.2d at 696.
La. R.S. 44:32(A) of the Louisiana Public ■ Records Act provides that the custodian of records “shall present any public record to any person of the age of majority who so requests.” (Emphasis added). Inherent in the public records law is the requirement that a person seeking public records actually make a request to the custodian of the records he seeks.
Wells alleges in his application for writ of mandamus that the appellees denied his request for certain public rec *288 ords. However, the record before us contains no evidence of a public records request made by Wells and served on the appellees or any other purported custodian of records. The record instead reflects that Wells filed numerous motions for production of documents, motions to enforce, and motions for contempt, all in his criminal case and under his criminal docket number, along with several corresponding writ applications to this Court and the Supreme Court relative to those rulings. We do not construe these criminal court filings as public records requests, and we have identified no other Louisiana |scourt which has done so. A motion filed in a criminal proceeding is not the proper procedural vehicle to establish a right to records under the public records law.
What Wells seeks from the civil district court is review of the actions of the criminal court, a task which this Circuit has found the district court is without authority to undertake. See Connick, 351 So.2d at 252. In the matter before us, the district court reviewed the pleadings and evidence, apparently observed the lack of any public records request, and correctly concluded that it was without jurisdiction to consider the application for writ of mandamus. We find no error in the district court’s finding that it lacked jurisdiction over the claims brought by Wells.
Because we reach this conclusion, it is unnecessary for us to consider Wells’ remaining assignment of error.
Accordingly, for the above reasons, the December 4, 2015 judgment of the district court, dismissing the application for writ of mandamus, is affirmed.
AFFIRMED

. Wells has also spelled his first name as "Tyrone” ⅛ his pleadings.

. Wells sentence was amended to delete the prohibition of parole eligibility.

. The District Attorney’s Office has never made an appearance in this action, either in ' the district court or in this Court.