STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0795

STATE OF LOUISIANA

VERSUS

KEE FOOD, INC., KASSIM NAGI, TAWFIQ ALI ALMANSOOB,
MOHAMED NAGI, SOUTHLA, LLC

Judgment Rendered: __**MAY 1 1 2020**__

* * * * *

On Appeal from the
Thirty-Second Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Trial Court No. 170,587

The Honorable David W. Arceneaux, Judge Presiding

* * * * *

Marcus J. Plaisance
Mark D. Plaisance
Prairieville, Louisiana

Attorneys for Defendants/Appellants,
Kee Food, Inc., Mohamed Nagi, and
Southla, LLC


Joseph L. Waitz, Jr.
District Attorney
Ellen Daigle Doskey
Assistant District Attorney
Houma, Louisiana

Attorneys for Plaintiff/Appellee,
State of Louisiana

* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**PENZATO, J.**

Appellants, Kee Food, Inc. (Kee Food), Mohamed Nagi, and Southla, LLC (Southla), appeal a trial court judgment granting Appellee, the State of Louisiana (State), the right of forfeiture against Appellants. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

The matter arises out of civil forfeiture proceedings instituted by the State under La. R.S. 40:2601, *et seq.* Kassim Nagi and Tawfiq Ali Almansoob were arrested in June of 2013 as a result of an investigation into the sale of synthetic cannabinoids on the premises of Kee Food, a convenience store.[1] The State instituted forfeiture proceedings against Almansoob, Kassim, his father Mohamed Nagi, and the two entities owned by them, Kee Food and Southla. The State alleged that the assets sought to be seized were generated from the sale of illegal substances and commingled with the proceeds of legitimate sales. The State seized cash, banking accounts, and a piece of commercial real estate, all of which was owned by either the Nagis or Almansoob or all three of them.

In response to the State's petition, through counsel, Kee Food, Kassim, Mohamed, and Southla (hereinafter referred to collectively as the defendants) answered and asserted claims pursuant to La. R.S. 40:2610, seeking immediate release of the seized property and termination of any forfeiture proceedings. The defendants maintained that certain seized funds were from the sale of legitimate merchandise and were not derived from or connected to any illegal activity. Kassim appeared on behalf of Kee Food to assert its claims, and in doing so, Kassim stated that he is the agent, manager, and part owner of Kee Food. Kassim,

---

[1] Almansoob eventually entered into a release and consent judgment with the State. Kassim was found guilty by a jury of violations of racketeering, money laundering, distribution of synthetic cannabinoids, and possession with intent to distribute synthetic cannabinoids. His convictions were affirmed by this court and the Louisiana Supreme Court. *State v. Nagi*, 2017-1257 (La. App. 1st Cir. 4/9/18), 2018 WL 1704253, *writ denied*, 2018-0739 (La. 3/25/19), 267 So. 3d 602.

2

through a power of attorney executed by Mohamed, asserted individual claims on behalf of Mohamed. Kassim also asserted claims on behalf of Southla, asserting that he was the agent and attorney-in-fact for Southla pursuant to the power of attorney executed by Mohamed and a resolution of Southla.

Prior to trial, the State filed a motion for summary judgment, contending that the admissions, depositions, and records from the criminal matter proved that no genuine issue of material fact remained. The trial court granted the motion for summary judgment and ordered the seizure of all the assets. Defendants appealed the judgment granting the motion for summary judgment. This court affirmed the judgment as to Kassim, individually, but reversed the judgment as to Mohamed, Kee Food, and Southla due to improper service of the petition on these parties. *State v. Kee Food, Inc.*, 2017-0127 (La. App. 1st Cir. 9/21/17), 232 So. 3d 29, 35, *writ denied*, 2017-1780 (La. 12/5/17), 231 So. 3d 632.

The State subsequently moved to have the trial court appoint an attorney ad hoc for Mohamed, Kee Food, and Southla. The trial court appointed Dustin Pellegrin and set the trial for September 24, 2018. Prior to the trial, the State filed a pleading entitled, "Motion and Order for Writ of Habeas Corpus Ad Prosequendum" to have Kassim, who was in the custody of Raymond Laborde Correctional Center, appear as a witness at the trial, which the trial court signed.

On the date of the trial when counsel was asked to make their appearances, Kassim stood and asserted that he was there on behalf of himself, Kee Food, Mohamed, and Southla. The trial court noted that Kassim had previously been a party to the proceedings, but that the trial court had granted the State's motion for summary judgment as to Kassim, which was affirmed by this court. Abdul Nagi, the brother of Kassim and son of Mohamed, also asserted that he was present as a representative of Kee Food, Mohamed, and Southla. Counsel for Appellants explained to the trial court that Abdul was attempting to stand in as agent for the

3

three parties on trial that were appointed ad hoc counsel. Counsel advised the trial court that Abdul did not have any paperwork to reflect same. The record contains no like request for Kassim to act as agent. The trial court noted that Abdul was not a party to the proceedings and could not sit at counsel table, since Pellegrin was the attorney ad hoc appointed to represent Kee Food, Mohamed, and Southla.

Two other attorneys present were Baron Whipple and Mark Plaisance. Whipple informed the court that he had been retained to attempt to negotiate a settlement between the State and Appellants. However, he was not appearing in a representative capacity for Appellants at the civil forfeiture trial. Plaisance, who is currently representing Appellants in this appeal, had previously represented Appellants for the first appeal and was at the trial to preserve his motion for attorney's fees.

Subsequently, Kassim asked the trial court for a continuance to allow Whipple to resolve the matter. The trial court explained to Kassim that he was present as a witness and had no capacity to request a continuance. The trial court further indicated that Kassim's part of the civil trial was completed, and the current matter involved the other entities, Mohamed, Kee Food, and Southla. Kassim then asked if he could represent his father to request a continuance. The trial court responded that since Kassim was not an attorney neither he nor Abdul could represent their father in the proceedings. The colloquy between the trial court, counsel, and Kassim evidences that the trial court denied Kassim the opportunity to move for a continuance on behalf of Mohamed, as counsel had been appointed. Pellegrin then moved for a continuance of the trial on behalf of Kee Food, Mohamed, and Southla, which the trial court denied.

Thereafter, the trial court inquired of counsel as to the proper procedural handling of the case and noted that Pellegrin was representing the three parties on trial, Kee Food, Mohamed, and Southla. No request was made by Pellegrin for

Kassim to act as agent for the parties on trial. Counsel for the State asked the trial court if Kassim should be removed from the courtroom for security reasons. Initially, Pellegrin requested that the witnesses be sequestered, but he withdrew that request, noting the relationship of the one potential witness for the State to the parties. Counsel for the State reiterated that he did not see any reason for Kassim to stay in the courtroom. The trial court then determined that there was no reason for Kassim to remain in the courtroom and that Kassim's presence created a security issue. Again, at this time, no request was made for Kassim to remain in the courtroom to act as an agent of Appellants at the trial. Therefore, the trial court ordered Kassim to be returned to jail until he was called as a witness. Pellegrin did not object to Kassim's removal. During the trial, the State called Kassim as a witness, who invoked his Fifth Amendment right against self-incrimination after initially requesting to speak with his criminal attorney. Following his testimony, Kassim made no request to remain in the courtroom.

After considering all the evidence, the trial court concluded that all of the Appellants knew that synthetic marijuana was being distributed from the convenience store. The trial court noted that all the claims in regard to Kassim had previously been adjudicated. Therefore, it ordered that judgment be rendered against Kee Food, Mohamed, and Southla forfeiting to the State all of the items of property claimed in the civil forfeiture proceeding. The trial court signed a judgment in accordance with its oral ruling on October 5, 2018, dismissing all claims. It is from this judgment that Appellants appeal.

## ASSIGNMENT OF ERROR

The only assignment of error by Appellants is that the trial court erred in removing Kassim from the courtroom, claiming he has a constitutional right to be present as the mandatary of Appellants in order to assist the ad hoc counsel, Pellegrin, regardless of his status as a prisoner.

5

## LAW AND DISCUSSION

Appellants argue that Kassim was conferred general power of attorney by Mohamed with the specific authority to represent him in judicial proceedings. The power of attorney names Mohamed as principal and Kassim as agent. The relevant provisions of the power of attorney are as follows:

> 1. BUSINESS AND AFFAIRS. To conduct, manage, and transact ___ [sic] business and personal financial matters of Principal, of every nature and kind and without any exception whatsoever.

> * * *

> 4. JUDICIAL PROCEEDINGS. To appear before all courts and to prosecute, defend, or compromise and settle by agreement, arbitration, or otherwise; to sign all pleadings and do all things necessary to obtain writs of attachment, sequestration and injunction[,] and to take appeals and, in any such instances, to furnish the requisite security and bonds.

> * * *

> 6. GENERAL. To do and perform each and every other act, matter, or thing whatsoever as may be appropriate in Agent's discretion as if such act, matter or thing were or had been particularly stated herein.

As we stated earlier, the State filed a "Motion and Order for Writ of Habeas Corpus Ad Prosequendum"[2] to have Kassim transported from prison to the court on the date of the trial to appear as a witness. Prior to the start of the trial, the trial court indicated that Kassim was present only as a witness. In connection with a discussion regarding whether the witnesses were going to be sequestered, which request was subsequently withdrawn, the trial court determined there was no reason for Kassim to remain in the courtroom due to security issues. Neither Pellegrin nor Kassim requested that Kassim remain in the courtroom or assist in

---

[2] A writ of *habeas corpus ad prosequendum* is defined as "[a] writ which issues when it is necessary to remove a prisoner in order to *prosecute* in the proper jurisdiction wherein the fact was committed." *State v. Terry*, 458 So. 2d 97, 99 n.2 (La. 1984) (quoting Black's Law Dictionary 837 (4th ed. 1968) (Emphasis in the original.)). A writ of *habeas corpus ad testificandum* is the means for parties who are incarcerated to be present in court in civil litigation. *Ardoin v. Bourgeois*, 2004-1663 (La. App. 3rd Cir. 11/2/05), 916 So. 2d 329, 332-33. Although the styling of the pleading filed by the State may be technically incorrect, Kassim was transported to the courthouse and his appearance is not at issue in this appeal.

6

the defense as agent of the parties and there was no objection to his removal. Kassim was returned to the jail until he was called to testify as a witness. Appellants maintain that the trial court abused its discretion by removing Kassim from the courtroom, which prevented him from assisting the attorney ad hoc, Pellegrin.

The determination of whether a prisoner-party in a civil action should appear personally in court for the trial of the action rests in the discretion of the trial court. As explained in *Wells v. Criminal Dist. Court of Orleans Par.*, 2016-0181 (La. App. 4th Cir. 8/24/16), 198 So. 3d 283, 285,

> A prisoner has a right of access to state and federal civil courts. However, this right does not necessarily include the right to be physically present at the trial of a civil suit. Generally, prisoners who bring civil actions have no right to be personally present in court at any stage of the action. Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, among which is the right of a prisoner to plead and manage his action in court personally.

*Wells*, 198 So. 3d at 285-86 (quoting *Leeper v. Leeper*, 44,777 (La. App. 2nd Cir. 9/23/09), 21 So. 3d 1006, 1010 (internal citations omitted)).

However, in the instant case, no request was made for Kassim to remain in the courtroom or to act as an agent for Appellants during the trial. Therefore, Kassim did not assert any rights that may have been afforded under the power of attorney. There was also no objection to the trial court's order removing Kassim from the courtroom for security reasons. Failure to object timely constitutes a waiver of that objection, and an appellant may not raise the issue for the first time on appeal. *Travis v. Spitale's Bar, Inc.*, 2012-1366 (La. App. 1st Cir. 8/14/13), 122 So.3d 1118, 1134, *writs denied,* 2013-2409, 2013-2447 (La. 1/10/14), 130 So. 3d 327, 329. Having failed to specifically object to the procedure utilized by the trial court, Appellants are precluded from raising this issue for the first time on appeal. *See Haney v. Lewis*, 2015-1173 (La. App. 1st Cir. 6/3/16), 2016 WL 3127254, at

*9 (unpublished), *writs denied*, 2016-1252, 2016-1254 (La. 10/28/16), 208 So. 3d 888, 889 (failing to object to jury selection process precluded raising issue for first time on appeal); *see also Kirsch v. Kirsch*, 2015-0281 (La. App. 1st Cir. 7/29/15), 180 So. 3d 417, 421, *writ denied*, 2015-1626 (La. 9/18/15), 178 So. 3d 153 (failing to object to the qualifications of an expert precluded raising the issue on appeal). As a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal. *Johnson v. Montoya*, 2013-1951 (La. App. 1 Cir. 5/2/14), 145 So. 3d 418, 422; *see also* Uniform Rules–Courts of Appeal, Rule 1–3. We need not determine if the trial court abused its discretion in having Kassim removed from the courtroom, as no one objected to his removal during the trial. Therefore, Appellants only assignment of error is without merit.

## CONCLUSION

For the above and foregoing reasons, we affirm the trial court's October 5, 2018 judgment ordering that certain assets and property be forfeited to the State of Louisiana. All costs of this appeal are assessed to Kee Food, Inc., Mohamed Nagi, and Southla, LLC.

**AFFIRMED.**