| KENAN ALLEN | * | NO. 2024-CA-0294 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| STATE OF LOUISIANA | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-05862, DIVISION "M"
Honorable Paulette R. Irons, Judge
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Karen K. Herman)

Kenan Allen, #382599
LOUISIANA STATE PENITENTIARY
Spruce 2 - Main Prison
17544 Tunica Trace
Angola, LA 70712

      PLAINTIFF/APPELLANT


Liz Murrill
ATTORNEY GENERAL
Carey T. Jones
Amanda M. LaGroue
Assistant Attorneys General
Louisiana Department of Justice
P.O. Box 94005
Baton Rouge, LA 70804

      COUNSEL FOR DEFENDANT/APPELLEE


           **AFFIRMED**
        **NOVEMBER 14, 2024**

SCJ
TFL
KKH

The plaintiff, Kenan Allen ("Mr. Allen"), an inmate of Louisiana State Penitentiary (Angola), appeals the March 14, 2024 judgment of the Civil District Court dismissing his action for lack of subject matter jurisdiction. For the reasons to follow, we affirm.

**FACTS AND PROCEDURAL HISTORY**

Mr. Allen was convicted one count of second degree murder and three counts of attempted second degree murder, in violation of La. R.S. 14:30.1 and La. R.S. 14:27. On July 9, 2021, Mr. Allen filed a petition for declaratory judgment, seeking a declaration that La. Const. art. I, §17 and La. C.Cr.P. art. 782 are preempted by federal law based on racially discriminatory motivations of the delegates of the 1898 Constitutional Convention of the State of Louisiana. Mr. Allen filed the petition in Orleans Parish Civil District Court. Additionally, Mr. Allen requested that the Civil District Court take judicial notice of all sworn and expert generated evidence submitted in the record of *State of Louisiana v. Melvin*

1

*Maxie*, 11th Judicial District Court, 13-cr-72522 and requested the transcripts for the *Maxie* proceeding.[1]

Thereafter, on July 6, 2023, Mr. Allen moved to amend his pleading and filed an *ex parte* petition to make final judgment executory pursuant to La. C.C.P. art. 2781[2] and petition for writ of habeas corpus. Specifically, Mr. Allen's *ex parte* petition sought to have the judgment rendered in *Maxie* made executory in this matter. Mr. Allen also requested that once the judgment in *Maxie* is made executory against the State, the Civil District Court issue a writ of habeas corpus.

Thereafter, Mr. Allen filed a writ of mandamus that sought from this Court an order directing the Civil District Court to act on his two pleadings that were filed on July 6, 2023. On November 22, 2023, this Court granted the writ, ordering the Civil District Court to provide Mr. Allen and this Court notice of the status of Mr. Allen's case and any action upon these pleadings within sixty days of the order. *Allen v. Orleans Civil District Court*, unpub., 2023-0687 (La. App. 4 Cir. 11/22/2023). Mr. Allen filed a second writ of mandamus seeking that the Civil District Court be ordered to act on his *ex parte* petition to make final judgment executory and petition for writ of habeas corpus. This Court granted the writ and ordered the Civil District Court to provide Mr. Allen and this Court notice of the status of Mr. Allen's case and any action taken upon the pleadings. *Allen v. Orleans Civil District* Court, unpub., 2024-0091 (La. App. 4 Cir. 03/15/2024). On

---

[1] *Maxie* will be used to refer to *State of Louisiana v. Melvin Maxie*, 11th Judicial District Court, 13-cr-72522.

[2] Louisiana Code of Civil Procedure article 2781 provides "[a] judgment rendered in a Louisiana court may be made executory in any other Louisiana court of competent jurisdiction, if its execution has not been and may not be suspended by appeal."

January 12, 2024, the Civil District Court issued a status update, providing in relevant part:

> After a review of the record in this case, the Court has discovered that both of these pleadings have been filed directly into the Orleans Parish Clerk of Court's physical record. . . . However, because these pleadings did not contain orders of any kind requiring the judge's signature or any further action from the trial court, neither of these pleadings were sent to the undersigned judge's chambers, as is the policy of the Civil District Court. In other words, if there is no order requesting specific relief along with a signature line for the district court judge, a pleading will not be sent to chambers for review. The undersigned judge is aware that [Mr. Allen] sent letters to the Clerk of Court inquiring about the status of these pleadings. However, letters addressed to the Clerk of Court are not also given to the district court judge and as such, the undersigned judge was not aware of these letters until the physical record was later reviewed in order to provide this status update. Furthermore, [Mr. Allen] has not contacted the Court directly about these pleadings.

> After reviewing the record, it does not appear to the trial court that there is any further action it can take at this time since there are no pending motions or unsigned orders in the record. In addition, it is the understanding of the undersigned judge that neither she nor her staff are allowed to give legal advice to the litigant; therefore, the court is reluctant to provide any further information to Relator as to how he should proceed going forward as undersigned believes it would constitute legal advice.

Thereafter, on March 14, 2024, the Civil District Court issued an *ex proprio moto order*, providing that the Civil District Court discovered that Mr. Allen is requesting the court to take action regarding certain criminal proceedings. The Civil District Court *sua sponte* granted a peremptory exception of lack of subject matter jurisdiction and dismissed Mr. Allen's claims.[3] On April 3, 2024, Mr. Allen filed a notice of intent to appeal the judgment. Mr. Allen's appeal follows.

---

[3] The judgment is silent on whether the petition is with or without prejudice. "Generally, a judgment that is silent as to a dismissal with or without prejudice must be construed as a dismissal "without prejudice" *Doe v. Jesuit High Sch. of New Orleans*, 2021-0284, p. 9 (La. App. 4 Cir. 11/10/21), 331 So.3d 426, 433.

## DISCUSSION

The main issue Mr. Allen raises in this appeal is that the Civil District Court

erred in finding that the court lacked subject matter jurisdiction.[4] Mr. Allen argues

that the Civil District Court erroneously applied La. R.S. 13:1137, as he did not

challenge his criminal conviction, but instead sought to make the judgment in

*Maxie* executory and petition for writ of habeas corpus.

Subject matter jurisdiction is "the legal power and authority of a court to

hear and determine a particular class of actions or proceedings, based upon the

object of the demand, the amount in dispute, or the value of the right asserted." La.

C.C.P. art. 2. Subject matter jurisdiction cannot be conferred by consent of the

parties or waived. *See* La. C.C.P. art. 3; *Lassalle v. Napoleon*, 2022-0460, p. 4 (La.

App. 4 Cir. 12/20/22), 356 So.3d 74, 77. "Whether a court has subject matter

jurisdiction is reviewed on appeal under the de novo standard of review." *Lassalle*,

2022-0460, p. 4, 356 So.3d at 77 (citing *Banerjee v. Banerjee*, 2017-245, p. 3 (La.

App. 3 Cir. 12/13/17), 258 So.3d 699, 701).

This Court has continuously recognized the unique jurisdictional split of

Orleans Parish district courts, as follows:

> Unlike every other parish in Louisiana, in Orleans Parish the
> jurisdiction of the district courts is split between civil and criminal
> matters. La. R.S. 13:1137 and 13:1336. The Orleans Parish civil
> district courts have the "same civil jurisdiction as the district courts
> throughout the state, except as otherwise provided by law." La. R.S.
> 13:1137. The Orleans Parish criminal district courts have "exclusive
> jurisdiction of the trial and punishment of all crimes, misdemeanors,

---

[4] Mr. Allen presented two issues to the Court: 1) the Civil District Court erroneously applied
inapplicable law to the facts that were presented to the court, and 2) he filed an ex parte petition
to make final judgment in *Maxie* executory pursuant to La. C.C.P. art. 2781.

4

and offenses committed within the Parish of Orleans if the jurisdiction is not vested by the law in some other court." La. R.S. 13:1336. As this Court has stated: "It is well settled that a judge of the Civil District Court has no jurisdiction over a judge of the Criminal District Court while he is acting in his official capacity." *Angelico v. Cannizzaro*, 543 So.2d 1064, 1067 (La.App. 4 Cir.1989).

*Wells v. Criminal Dist. Court of Orleans Par*., 2016-0181, p. 6 (La. App. 4 Cir. 8/24/16), 198 So.3d 283, 287 (quoting *State ex rel. Pittman v. Conerly*, 2012-0468, p. 2 (La. App. 4 Cir. 9/12/12), 100 So.3d 339, 340).

Pursuant to La. R.S. 13:1137 and 13:1336, Orleans Parish Civil District Courts lack jurisdiction over criminal proceedings. *Wells*, 2016-0181, p. 7, 198 So.3d at 287. Here, Mr. Allen initially filed a petition in the Civil District Court for declaratory judgment seeking a declaration that La. Const. art. I, §17 and La. C.Cr.P. art. 782 are preempted by federal law, and requested that the Civil District Court make the judgment in *State v. Maxie* executory in relation to his criminal proceeding. Mr. Allen also petitioned for writ of habeas corpus. While Mr. Allen contends that he is not challenging his criminal conviction, our review of his pleadings reveal that he is requesting the Civil District Court to grant him relief relative to his criminal proceedings. In light of the aforementioned, we find that the Civil District Court did not err in dismissing Mr. Allen's action for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, we affirm the Civil District Court's March 14, 2024 judgment dismissing Mr. Allen's action for lack of subject matter jurisdiction.

**AFFIRMED**

5