STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2019 CA 0526


GULFSOUTH CREDIT, INC.

VERSUS

JEFFREY WILEY IN HIS CAPACITY OF SHERIFF
OF THE PARISH OF ASCENSION


Decision Rendered: **JAN 0 9 2020**


* * * * * * *

APPEALED FROM THE 23rd JUDICIAL DISTRICT COURT
ASCENSION PARISH, LOUISIANA
DOCKET NUMBER 123,406

HONORABLE THOMAS J. KLIEBERT, JR., JUDGE


* * * * * * *

Richard D. Bankston
Baton Rouge, Louisiana

Attorney for Plaintiff/Appellant
Gulfsouth Credit, Inc.

Brandon M. Bourque
Robert Ryland Percy, III
Gonzales, Louisiana

Attorneys for Defendant/Appellee
Jeffrey Wiley in His Capacity of
Sheriff of the Parish of Ascension


BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.

**McDONALD, J.**

After a sheriff refused to execute a city court's writ of fieri facias, the creditor who obtained the writ filed a petition for mandamus asking the district court to direct the sheriff to execute the writ. The district court denied the mandamus petition, and the creditor filed this appeal. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2017, Gulfsouth Credit, Inc. obtained a money judgment in Baton Rouge City Court against Carrie Ward, an Ascension Parish resident. At Gulfsouth's request, the city court issued a writ of fieri facias (fifa) to the Ascension Parish Sheriff's Office (APSO) directing APSO to seize and sell Ms. Ward's property "in the manner prescribed by law" to satisfy the judgment. Gulfsouth's attorney arranged to meet a Gulfsouth representative and an APSO officer at Ms. Ward's residence to execute the writ. On the scheduled day, however, the APSO officer told the Gulfsouth representative that his superiors directed him not to execute the writ. Later, APSO's attorney wrote a letter to Gulfsouth's attorney indicating APSO was unable to execute the writ, because the "writ [did not] contain a sufficient description of particular items of property subject to seizure."

On October 3, 2018, Gulfsouth filed a petition for mandamus against Jeffrey Wiley in his capacity as Ascension Parish Sheriff. Gulfsouth sought a mandamus directing Sheriff Wiley to execute the writ of fifa. Sheriff Wiley answered Gulfsouth's petition, admitting that APSO had refused to execute the writ because APSO believed the writ insufficiently described the items to be seized. The district court held a hearing on the matter, at which Gulfsouth introduced the entire record into evidence. After the parties' argument, the district court stated that it would deny the mandamus petition, because Gulfsouth needed to identify what items it wanted seized. On February 19, 2019, the district court signed a judgment denying Gulfsouth's mandamus petition. Gulfsouth appeals.

## DISCUSSION

Mandamus is an extraordinary remedy to be applied where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. La. C.C.P. art. 3862; *Hoag v. State*, 04-0857 (La. 12/1/04), 889 So.2d 1019, 1023. Further, a writ of mandamus directed to a public officer is proper only to compel him to perform a

2

ministerial duty required by law. *See* La. C.C.P. art. 3863. A ministerial duty is a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law, and which leaves no element of discretion to the public officer. *Hoag*, 889 So.2d at 1024. When the judgment denying mandamus does not turn on factual findings, the appellate court reviews the judgment under the abuse of discretion standard. *City of Baton Rouge v. Douglas*, 16-0655 (La. App. 1 Cir. 4/12/17), 218 So.3d 158, 164, n.6.

Gulfsouth argues that Sheriff Wiley has a ministerial duty to execute the writ of fifa in this case, because La. C.C.P. art. 321 states that a sheriff "shall execute writs" directed to him by certain courts. However, Gulfsouth's remedy for Sheriff Wiley's failure to perform this alleged "ministerial duty" is set forth in La. C.C.P. art. 334, which states that "the refusal of a sheriff ... to perform any ministerial duty subjects him to punishment for contempt of court." Thus, even if Sheriff Wiley's duty to execute the subject writ of fifa is ministerial, the extraordinary remedy of mandamus is not appropriate, because La. C.C.P. art. 334 allows Gulfsouth to obtain relief against Sheriff Wiley via a contempt proceeding. *See* La. C.C.P. arts. 221 *et seq. Accord State ex rel. Pittman v. Conerly*, 12-0468 (La. App. 4 Cir. 9/12/12), 100 So.3d 339, 341 (finding mandamus was not an appropriate remedy to compel a court reporter to produce a transcript when plaintiff could pursue contempt proceedings against the court reporter); *Webre v. Wilson*, 95-1281 (La. App. 1 Cir. 4/4/96), 672 So.2d 1124, 1131-32) (finding use of mandamus proceedings to collect money allegedly due was inappropriate when plaintiff could have used a suit for a money judgment instead). Thus, the district court did not abuse its discretion in denying Gulfsouth's mandamus petition in this case.[1]

## CONCLUSION

For the above reasons, the February 19, 2019 judgment denying Gulfsouth Credit, Inc.'s petition for mandamus is affirmed. We assess costs of the appeal to Gulfsouth Credit, Inc.

**AFFIRMED.**

---

[1] APSO based its refusal to execute the writ of fifa on Gulfsouth's failure to identify what items of Ms. Ward's property were to be seized. The district court denied Gulfsouth's mandamus petition for the same reason. Neither APSO nor the district court pointed to a statute or other authority that requires such identification. A district court's reasons for judgment, however, form no part of the judgment, and judgments are often upheld on appeal for reasons different than those the district court gives. *Wooley v. Lucksinger*, 09-0571 (La. 4/1/11), 61 So.3d 507, 572. We affirm the district court's judgment because the extraordinary remedy of mandamus is not appropriate in this case; thus, we need not address whether the district court correctly denied the mandamus petition based on Gulfsouth's failure to identify what items were to be seized.

3